AO 440 (Rev. 10/93) Summons in a Civil Action



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

BAO YI YANG, WEI WANG & LIANG-XIAN FU

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.

SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10

C 07 04482 JL

TO:

SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Adam Wang
12 South First Street, Suite 613
San Jose, CA 95113
Tel: 408-421-3403
Fax: 408-351-0261

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

CLERK

8/29/7

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE |
| Name of SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were left

☐ Returned unexecuted:

☐ Other *(specify)*:

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ADAM WANG (SBN 201233)
DAL BON & WANG
12 S First Street, Suite 613
San Jose, C 95113
Tel: 408-292-1040
Fax: 408-292-1045

Attorney For Plaintiffs
BAO YI YANG, WEI WANG & LIANG-XIAN FU

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG-XIAN FU,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10<br><br>Defendants | Case No. C07 04482<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Business and Professions Code Section 17200; and<br>4) Violation of California Labor Code Section 201;<br>5) Violation of California Labor Code Section 226; and<br>6) Violation of California Labor Code Section 1197; and<br>7) Violation of California Labor Code Section 226.7. |

**NATURE OF CLAIM**

1. This is an action on behalf of BAO YI YANG, WEI WANG, AND LIANG-XIAN FU whom had been employed on a salary basis by SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California

1

COMPLAINT

Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. At all times relevant herein, Plaintiffs BAO YI YANG, WEI WANG, AND LIANG-XIAN FU are individuals resident of Alameda and Contra Costa Counties, California.

3. At all times relevant herein, Defendants SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET is a limited liability company doing business in Contra Costa County, California.

4. Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET, having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

5. At all times relevant herein, Plaintiffs were employees of defendants SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET, a restaurant doing business in Contra Costa County, California.

6. Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

7. During the course of Plaintiffs' employment with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

8. Plaintiffs were paid on a salary basis.

COMPLAINT

Plaintiffs did not perform "exempt" duties in their positions as cooks with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary jobs did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

9. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET

10. Individual defendants DOES 1 through 10, inclusive, are liable for the acts of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET as the alter egos of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET. Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET Plaintiffs is informed and believes, and thereon alleges, that Defendants DOES 1 through 10, inclusive, have:

    a. Commingled funds and other assets of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

3

COMPLAINT

   b. Diverted funds and other assets of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET to other than corporate uses;

   c. Treated the assets of the SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET as their own;

   d. Failed to obtain authority to issue shares or to subscribe to issue shares of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET;

   e. Failed to maintain minutes or adequate corporate records of SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET;

   f. Failed to adequately capitalize or provide any assets to SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET; and

   g. Diverted assets from SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET to themselves to the detriment of creditors, including Plaintiffs and other hourly employees.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

11. Plaintiffs re-allege and incorporate paragraphs 1-11 as if fully stated herein.

12. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

13. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

4

COMPLAINT

14. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

15. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs, in amounts to be determined at trial.

16. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amounts owed.

17. Defendants' failure to pay Plaintiffs the required sums violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

18. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

19. Plaintiffs re-allege and incorporate paragraphs 1-19 as if fully stated herein.

20. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were an individual employee covered by virtue of Plaintiffs' direct engagement in interstate commerce.

21. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

22. Although Plaintiffs were not so exempt during employment with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET, defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

**COMPLAINT**

23. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

24. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

25. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

26. Defendants therefore owe Plaintiffs the amount of overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

27. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

28. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-28 as if fully stated herein.

29. At the time Plaintiffs' employment with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET was terminated; defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

30. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

6

COMPLAINT

31. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

32. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

33. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

34. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

35. At all times relevant herein, Plaintiffs' employment with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

36. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

37. During the period Plaintiffs were employed with SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET, defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with defendants keeping to themselves the amounts which should have been paid to Plaintiffs.

COMPLAINT

38. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

39. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

40. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

41. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**
**INADEQUATE PAY STATEMENTS**

42. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

43. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

COMPLAINT

44. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or 50$ for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

45. During the course of Plaintiffs' employment, defendants consistently failed to provide plaintiff with adequate pay statements as required by California Labor Code §226.

46. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

47. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

48. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

49. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

**COUNT SIX: VIOLATION OF CALIFORNIA LABOR CODE SECTION 1197**
**FAILURE TO PAY MINIMUM WAGE**

50. Plaintiffs re-allege and incorporate paragraphs 1-50 as if fully stated herein.

51. Labor Code Section 1197 provides that it is unlawful pay less than the minimum wage established by law.

52. At all times relevant herein, the applicable Industrial Welfare Commission Wage Order, provided for payment of a minimum wage of $ 6.75 per hour.

53. Under the provisions of the Wage Order referred to above, Plaintiff BAO YI YANG should have received $6.75 for hours worked during the period employed with defendant, but was paid less, in an exact amount per hour to be determined at trial.

COMPLAINT

54. Defendant therefore owes Plaintiff BAO YI YANG the difference between the amount of wages owed pursuant to the Wage Order and the amount actually paid to plaintiff, the exact amount of which will be determined at trial.

55. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff BAO YI YANG the amount owed.

56. Defendants' failure to pay Plaintiff BAO YI YANG the sum required by the applicable Wage Order violates the provision of Labor Code Section 1197 and is therefore unlawful.

57. Pursuant to Labor Code Section 1194(a), Plaintiff BAO YI YANG requests that the court award plaintiff reasonable attorney's fees and costs incurred by them in this action.

## COUNT SEVEN: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7
## FAILURE TO PROVIDE MEAL AND REST PERIODS

58. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-58 as if fully stated herein.

59. At relevant times herein, Plaintiffs employment was subject to the provisions of California Labor Code §226.7, which requires employer to provide employees a half-hour meal period for every five hours worked, unless expressly exempt.

60. During their employment with Defendants, Plaintiffs and other hourly employees worked in excess of five hours per day, and were not provided a half-hour meal period as required by law.

61. For each time that Plaintiffs and other hourly employees were not provided the required meal and/or rest period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

COMPLAINT

62. Plaintiffs and other hourly paid employees are therefore entitled to payment, in an amount to be proven at trial, for each meal and/or rest period that Defendants failed to provide.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for the following relief:

63. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in the amount of approximately $16,767.00;

64. For liquidated damages per the FLSA equal to unpaid overtime wages in the amount of approximately $16,767.00;

65. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in the amount of approximately $16,767.00;

66. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in the amount of approximately $1,246.15;

67. For $16,767.00 in damages for inadequate pay statements pursuant to California Labor Code Section 226;

68. For approximately $15,664.15 for Defendants' failure to pay the Minimum Wage as required by the applicable Work Order's and by California Labor Code Section 1197;

69. For approximately $15,664.15 in liquidated damages Defendants' failure to pay the Minimum Wage as required by the applicable Work Order's and by California Labor Code Section 1197;

70. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

71. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

72. For costs of suit herein; and

COMPLAINT

73. For such other and further relief as the Court may deem appropriate.

Dated: August 27, 2007

DAl BON & WANG

By: _____
Adam Wang
Attorney for Plaintiffs
Bao Yi Yang, Wei Wang &
Liang-Xian Fu

12

**COMPLAINT**

ADAM WANG (SBN 201233)
DAL BON & WANG
12 S First Street, Suite 613
San Jose, C 95113
Tel: 408-292-1040
Fax: 408-292-1045

Attorney For Plaintiffs
BAO YI YANG, WEI WANG & LIANG-XIAN FU

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| BAO YI YANG, WEI WANG, AND LIANG-XIAN FU, | Case No: |
|---|---|
| Plaintiffs, | DEMAND FOR JURY |
| vs. | |
| SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10 | |
| Defendants | |

Plaintiffs demand a trial by jury of all causes of action alleged in their Complaint.

Dated: August 27, 2007

DAl BON & WANG

By: _____
Adam Wang
Attorney for Plaintiffs
Bao Yi Yang, Wei Wang &
Liang-Xian Fu

1

COMPLAINT

# CIVIL COVER SHEET

JS 44 - No. CALIF .(Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
BAO YI YANG, WEI WANG & LIANG-XIAN FU

## DEFENDANTS
SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Contra Costa

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Adam Wang
12 South First Street, Suite 613
San Jose, CA 95113

ATTORNEYS (IF KNOWN)

C 07 04482 JL

## II. BASIS OF JURISDICTION (PLACE AN "-" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "-" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "-" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "-" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☑710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | | ☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑YES ☐NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "-" IN ONE BOX ONLY)
☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 8/29/07

SIGNATURE OF ATTORNEY OF RECORD