Arthur J. Liu No.196874
INTER-PACIFIC LAW GROUP, INC.
1904 Franklin Street, Suite 203
Oakland, CA 94612
Telephone.: (510) 986-1198
Facsimile: (510) 986-0889
arthurliuusa@yahoo.com

Attorneys for Defendant
SHANGHAI GOURMET, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI YANG, ET AL,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, and DOES 1-10<br><br>　　　　Defendants. | Case No. C07 04482<br><br>ANSWER OF DEFENDANT SHANGHAI GOURMET, LLC<br><br>JURY TRIAL DEMANDED<br><br>Chief Magistrate Judge: JAMES LARSON<br><br>Filed: August 20, 2007 |

　　　Defendant Shanghai Gourment, LLC ("Defendant"), answers the Complaint as follows:

1.　In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

2.　In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

3.　In response to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.　In response to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

5.　In response to Paragraph 5 of the Complaint, Defendant admits the allegations contained

therein.

6. In response to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 10 as if fully set forth at length herein.

12. In response to paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation therein.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant denies that it owes any money to

Plaintiffs.

17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Defendant denies that Plaintiffs are entitled to attorneys' fees and costs incurred by them in this action.

19. In response to Paragraph 19 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 18 as if fully set forth at length herein.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant admits the allegations contained therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 27 as if fully set forth at length herein.

29. In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation

30. In response to Paragraph 30 of the Complaint, Defendant denies that it violated any relevant laws under the Labor Codes, that it failed to pay wages and that it should be subject to penalty.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Defendant denies that Plaintiffs are entitled to attorneys' fees and costs incurred in this action and each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein and that Plaintiffs are entitled to any interest.

34. In response to Paragraph 34 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 33 as if fully set forth at length herein.

35. In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. In response to Paragraph 36 of the Complaint, Defendant admits that it is subject to California Unfair Trade Practices Act, but denies that it failed to pay the plaintiffs overtime pay.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant admits that it is aware of the existence and requirement of the Unfair Trade Practices Act and the requirements of State

and Federal wage and hour laws, but denies that it failed to Plaintiffs' overtime pay.

41. In response to Paragraph 41 of the Complaint, Defendant denies that Plaintiffs have been illegally deprived of any overtime pay, and further denies that Plaintiffs are entitled to restitution of such wages pursuant to the Business and Professions Code Section 17203.

42. In response to Paragraph 42 of the Complaint, Defendant incorporates its answers to Paragraph 1 to Paragraph 41 above as if fully set forth at length herein.

43. In response to Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and on that basis denies each and every allegation contained therein.

44. In response to Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

45. In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In response to Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information as to whether Plaintiffs have incurred costs and fees in bringing this action and on that basis denies that they have, and further denies that they are entitled to recover such fees and costs under California Labor Code Section 226.

50. In response to Paragraph 50 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 49 as if fully set forth at length herein.

51. In response to Paragraph 51 of the Complaint, Defendant admits the allegation contained therein.

52. In response to Paragraph 52 of the Complaint, Defendant admits the allegation contained therein.

53. In response to Paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54. In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. In response to Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In response to Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57. In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. In response to Paragraph 58 of the Complaint, Defendant hereby incorporates its answers to Paragraph 1 to Paragraph 57 above as if fully set forth at length herein.

59. In response to Paragraph 59 of the Complaint, Defendant admits the allegations contained therein.

60. In response to Paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

61. In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62. In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

63. In response to Paragraph 63 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

64. In response to Paragraph 64 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

65. In response to Paragraph 65 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

66. In response to Paragraph 66 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

67. In response to Paragraph 67 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

68. In response to Paragraph 68 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

69. In response to Paragraph 69 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

70. In response to Paragraph 70 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

71. In response to Paragraph 71 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

72. In response to Paragraph 72 of the Complaint, Defendant denies that plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, Defendant further asserts the separate and distinct affirmative defenses stated below to each and every cause of action alleged in the Complaint except where such affirmative defense states that it is specifically limited to one or more causes of action.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State A Claim for Relief)

73. The Complaint, and each and every cause of action alleged therein, fails to state facts

sufficient to constitute a cause of action against the Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Allege A Justiciable Dispute)

74. The Complaint, and each and every cause of action alleged therein, fails as a matter of law in that it does not raise a justiciable dispute.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitation)

75. Complainants' claims against Defendant are barred in whole or in part by applicable statute of limitation stated in the relevant labor codes and statutes.

## FOURTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

76. Complainants' claims against Defendant is barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Ratification)

77. Complainants' claims against Defendant are barred in whole or in part by the doctrine of ratification.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

78. Complainants' claims against Defendant are barred in whole or in part by limitation of awards, caps on recovery, and/or setoffs.

## SEVENTH AFFIRMATIVE DEFENSE
### (Release)

79. Complainants' claims against the Defendant are barred in whole or in part by the doctrine of release.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

80. Complainants' claims against the Defendant are barred in whole or in part by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

81. Complainants' claims against the Defendant are barred in whole or in part by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Fraud)

82. Complainants' claims against Defendant are barred in whole or in part by the statute of fraud.

## ELEVENTH AFFIRMATIVE DEFENSE

(Acts Outside Scope of Agency)

83. Some or all of the alleged acts complained of in the Complaint were undertaken, if at all, by individuals acting outside the scope of any actual, apparent, or ostensible authority required to render Defendant liable therefore.

## TWELFTH AFFIRMATIVE DEFENSE

(No Damages)

84. Complainants have not sustained any legally recognizable damages or injuries by virtue of any conduct by the Defendant with respect to any matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to State A Claim for Attorney's Fees)

85. The Complaint and each and every cause of action alleged therein fails to state facts sufficient to state a claim for recovery of attorneys' fees in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

86. The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, because Plaintiffs consented to the conduct of which they now complain.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Misrepresentation by Plaintiffs)

87. The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, as a result of the misrepresentation made by Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

88. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

89. Plaintiffs would be unjustly enriched if allowed to recover on their complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Unconscionability)

90. No relief may be obtained under the complaint by reason of Section 1670.5 of the California Civil Code, the statutory and common law prohibitions on enforcement of unconscionable contracts, the prohibition on receipts of benefits accruing through unconscionable conduct, and the unconscionability of Plaintiffs' acts and claims.

## NINETEENTH AFFIRMATIVE DEFENSE

(Improper Recovery)

91. Some or all of the relief sought in the complaint is unavailable and unrecoverable.

## TWENTIETH AFFIRMATIVE DEFENSE

(Speculative Damages)

92. Plaintiffs cannot recover any of the damages alleged in the complaint because such

damages are too speculative to be recoverable at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

93. Plaintiffs failed to mitigate their purported damages, if any, and to the extent of that failure to mitigate, their claims are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

94. The damages, if any, allegedly sustained by Plaintiffs were proximately caused or contributed to, in whole or in part, by the negligence or other culpable conduct of persons other than Defendants, including without limitation, Plaintiffs, thereby requiring that comparative fault of all such persons be determined and apportioned.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith/Absence of Malice)

95. Plaintiffs' claims, and each of them, are barred by the fact that Defendants acted reasonably and in good faith, and without malice, with respect to Plaintiffs at all times material herein, based on the relevant facts and circumstances known by Defendant at the time Defendant so acted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Justification)

96. Any acts alleged committed by Defendant were committed in the exercise of good faith and were reasonable and justified by legitimate business reasons under the relevant facts and circumstances known by Defendant at the time Defendant so acts.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Duress)

97. Plaintiffs' complaint and each cause of action alleged are barred in whole or in part by the the fact that Defendant so acted under duress from the plaintiffs.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to State A Claim for Punitive Damages)

98. The Complaint fails to allege facts sufficient to allow recovery of punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

99. Plaintiffs' prayer for punitive damages is unconstitutional because it violates the due process clause of the Fourteenth Amendment to the Constitution of the Untied States and/or Section 7 of the Article I of the Constitution of the State of California.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Excessive Fine)

100. Plaintiffs' prayer for punitive damages is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the Untied States of America and/or Section 17 of the Article I of the Constitution of the State of California.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims, and each of them, are barred by the fact that they are frivolous, designed to harass and annoy Defendant, and are not brought in good faith. Defendant is thus entitled to recover from Plaintiffs' its attorneys' fees and costs expended in defending this action.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

102. Plaintiffs' claims, and each of them, are barred by the fact that Plaintiffs assumed the risk.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure of Consideration)

103. Plaintiffs' claims, and each of them, are barred because there was a failure of consideration in their employment contract.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Payment)

104. Plaintiffs' claims, and each of them, are barred because Defendant has paid all money due to Plaintiffs during the period of employment.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Illegality)

105. Plaintiffs' claims, and each of them, are barred by the doctrine of illegality.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Res Judicata)

106. Plaintiffs' claims, and each of them, are barred by the doctrine of res judicata.

(Other Affirmative Defenses)

107. Defendant presently has insufficient knowledge or information upon which to form a belief to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend its Answer to assert such affirmative defenses.

WHEREFORE, Defendant prays judgment as follows:

1. That the Court dismiss the Complaint with prejudice;
2. That the Complainants recover nothing from Defendant;
3. That Defendant recover its costs of suit herein and attorneys' fees;
4. That this Court grant such other and further relief as it deems just and proper.

Date: November 5, 2007                         INTER-PACIFIC LAW GROUP, INC.

_____
Arthur J. Liu, Esq.
Attorneys for Defendant
Shanghai Gourmet, LLC

Answer
Case No.: C 07 04482                    Page 13 of 13