ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 292-1045

Attorney for Plaintiffs
BAO YI YANG, WEI WANG & LIANG-XIAN FU

Arthur Liu (SBN 196874)
Inter-Pacific Law Group Inc
1904 Franklin St #203
Oakland, CA 94612
Tel: (510) 986-1198
Fax: (510) 986-0889

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG-XIAN FU,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET and DOES 1-10<br><br>Defendants | Case No.: C07-04482 JL<br><br>JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.   JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

1                                    C07-4482 JL

**JOINT CASE MANAGEMENT STATEMENT**
Yang v. Shanghai Gourmet, et al.

## 2. FACTS

Plaintiffs Bao Yi Yang, Wei Wang and Liang-Xian Fu were employed by Shanghai Gourmet as restaurant workers during the four year period prior to the filing of his Complaint. In this action, Plaintiffs seek overtime and other wage and hour claims against Defendants under the authority of both federal and California laws.

The principal factual issues in dispute are:

1. Whether Plaintiffs have been paid less than minimum wage;
2. Whether Plaintiffs are owed any overtime wages.

Defendants deny that Plaintiffs are owed any back wages.

## 3. LEGAL ISSUES

Plaintiffs assert that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Plaintiffs further allege that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiffs further allege that Defendants failed to pay Plaintiffs their wages upon termination in violation of California Labor Code § 201. Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200.

## 4. MOTIONS

The parties anticipate the filing of the following motions:

(a) Defendants' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(b) Plaintiffs' Motion for Attorney's Fees.

## 5. AMENDMENT OF PLEADINGS

After the identities of owners of the restaurant have been ascertained through discovery, Plaintiffs will amend the complaint to include the owners of the restaurant as employers of Plaintiffs under FLSA and under the theory of piercing corporate veil.

**6.   EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence, but it is not clear if Defendants have taken steps to do so because the business has been sold.

**7.   DISCLOSURES**

Plaintiffs have provided their initial disclosures.

**8.   DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.   CLASS ACTIONS**

N/A

**10.   RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.   RELIEF**

Plaintiffs have no sufficient record or information to accurately calculate damages sustained.

**12.   SETTLEMENT AND ADR**

The parties agree to participate in the court-sponsored mediation.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties consent to the assignment of this to a magistrate judge for all further proceedings.

**14.   OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.   NARROWING OF ISSUES**

Parties do not anticipate an agreement to narrow issues.   .

**16.   EXPEDITED SCHEDULE**

The parties do not believe that this case can be put on an expedited schedule.

**17.   SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)   Fact discovery cutoff on September 3, 2008;

(b)   Expert reports October 1, 2008;

(c)   Expert rebuttal reports October 29, 2008;

(d)   Expert Discovery Cutoff November 19, 2008;

(e)   Last day of hearing on dispositive motion on December 10, 2008;

(f)   Trial:  February 2, 2009

(f)   The parties agree to meet and confer concerning any modifications to this plan.

**18.   TRIAL**

Parties have requested a jury trial.  Plaintiffs estimate length of trial is 7 court days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no one to report other than parties themselves.

**20.   OTHER MATTERS**

None.

JOINT CASE MANAGEMENT STATEMENT
Yang v. Shanghai Gourmet, et al.

1   DATED:  November 22, 2007          DAL BON & WANG

2                                      By: /s/ Adam Wang
3                                          ADAM WANG
                                           Attorneys for Plaintiffs
4

5   DATED:  November 23, 2007          By: /s/Arthur Liu
                                           Arthur Liu
6                                          Attorneys for Defendants

**JOINT CASE MANAGEMENT STATEMENT**
Yang v. Shanghai Gourmet, et al.