1  ADAM WANG, Bar No. 201233
   LAW OFFICES OF ADAM WANG
2  12 South First Street, Suite 613
   San Jose, CA 95113
3  Tel:  (408) 292-1040
   Fax:  (408) 416-0248
4
5  Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG XIAN FU | Case No.: C07-04482 JL |
| Plaintiffs, | **NOTICE OF PLAINTIFF'S MOTION TO FOR LEAVE TO FILE FIRST AMENDED AMEND THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, and DOES 1-10 | |
| Defendants | Date:       July 2, 2008<br>Time:       9:30 AM<br>Judge:      Honorable James Larson<br>Trial Date: None |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

THE NOTICE IS HEREBY GIVEN that on July 2, 2008 at 9:30 a.m., Plaintiffs will move for the leave to file the First Amended Complaint to (i) add two individual defendants—Bo Juan Liu and Xu Liang Shen; and (ii) to allege civil penalties under California Labor Code § 558 on behalf of Plaintiffs themselves and on behalf of all former and current employees of Defendant pursuant to Labor Code Private Attorney General's Act, California Labor Code § 2699, *et seq*. ("PAGA").

This motion is supported by the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to File A First Amended Complaint, the Declaration of Adam Wang in support thereof, the other records, pleadings, and papers filed in this action; and upon such

                                                    1              Case No.    C07-04482JL
**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>**

other documentary and oral evidence or argument as may be presented to the Court at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Plaintiffs Bao Yi Yang, Wei Wang, and Liang Xian Fu were employed by Defendant Shanghai Gourmet LLC who operated popular Chinese restaurants in Richmond and Walnut Creek California. During the four years prior to their filing of the Complaint, Plaintiffs were required to work in excess of 8 hours a day and 40 hours a week on regular basis, but were not paid required overtime wage.  In the current Complaints, Plaintiffs allege violations of California Labor Code and Fair Labor Standards Act ("FLSA"), seeking unpaid overtime and associated penalties.

In the current leadings, Plaintiffs name Shanghai Gourmet, and Doe defendants.  The Complaint alleges that Doe defendants are owners, officers and managers of Shanghai Gourmet LLC having control over Plaintiffs' work condition and work situation, Complaint, at ¶ 4.  The Complaint also alleges that Doe defendants acted as alter ego for Shanghai Gourmet LLC, Complaint, at ¶ 10.

During the course of discovery, Plaintiffs were informed that Shangai Gourmet LLC was owned by two individuals-- add Xu Liang Shen and Bo Juan Liu.  As such Plaintiff move this move this Court for leave to file a First Amended Complaint ("FAC")[1] to add Xu Liang Shen and Bo Juan Liu as a new defendants in place of Doe defendants.

By proposed FAC, Plaintiffs also seek to add a cause of action for civil penalties and unpaid wages under California Labor Code § 558 on behalf themselves and all current and former employees against Defendants Shanghai Gourmet LLC, Xu Liang Shen and Bo Juan Liu, given the wide spread violations of wage and hour law by Shanghai Gourmet, see FAC, ¶ ¶ 44 to 48.

---

[1] Proposed FAC is attached hereto as Exhibit 1.

2               Case No.     C07-04482JL

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

Finally, by FAC, to address the concerns that Defendants add Xu Liang Shen and Bo Juan Liu have siphoned substantial amount of cash receipts from Shangahi Gourmet LLC;s restaurant business, rendering Shanghai Gourmet LLC virtually insolvent to meet its obligations for unpaid wages owed to its employees, Plaintiffs seek to add a cause of action for fraudulent conveyance against Defendants Xu Liang Shen and Bo Juan Liu, see FAC ¶¶ 49 to 52.

## II. ARGUMENTS

### A. RULE 15 IS LIBERALLY APPLIED

"Rule 15's policy favoring amendments to pleadings should be applied with 'extreme liberality.'" DCD Programs, Ltd. v. Leihgton, 833 F.2d 183, 186 (9th Cir. 1987). The underlying purpose of Rule 15 is to "facilitate decision on the merits rather than on the pleadings or technicalities." Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." State of Cal. ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citing Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)). "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner, 868 F.2d at 407.

Because this case is still in its early stages, and parties have yet to undertake their serious efforts in discovery, and no trial date has been set in this case. As such, while addition of defendants and new liability theories based on PAGA and fraudulent conveyance may need a limited extension of discovery deadline as proposed by Parties and adopted by the Court, but such extension has minimum adverse impact on this case as the Court has not set a trial date in this.  Nor will the proposed amendment prejudice the Defendants in any conceivable way. Accordingly, no substantial reason exists to deny leave to amend.

### B. THIS COURT HAS PERSONAL JURISDICTION OVER PURPORTED NEW DEFENDANTS

Where a cause of action arose out of conduct of defendants that occurred in this district, the defendants are subject to the personal jurisdiction of this Court.  There should be no question

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
Yang, et al v. Shanghai Gourmet, LLC, et al.

that this Court has personal jurisdiction over the purported new defendants with respect to the claims alleged in this case, since claims alleged in this action arose from the new defendants' actions or omissions that occurred in this district in connection with her role as the owner and operator of the defendant restaurant.

### C.  PURPORTED NEW DEFENDANTS ARE LIABLE UNDER BOTH FLSA AND CALIFORNIA LAWS

Under FLSA, corporate officers and managers may be held liable for unpaid wages and overtime pay if such officers and mangers have had control over employee's work condition and work situation.  FLSA defines the term "employer" to include "*any person* acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d).  In interpreting this apparently very broad term, federal courts have imposed liabilities on corporate officers and managers when the liability is warranted by consideration of relevant factors such as whether the individual officers (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records, Herman v. RSR Security Services, Ltd., 172 F.3d 132, 139 (2nd Cir. 1999).  In Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983), the First Circuit held employer includes person who has "operational control" of the day to day functions of the business.  The 5th Circuit held that an employer includes a person who "effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees, Donovan v. Sabine Irrigation Co., 695 F.2d 190, 194-195 (5th Cir. 1983).  In yet another case in which a corporation's president was found liable for the corporation's FLSA obligations, the district court in Lopez v. Silverman, 14 F.Supp.2d 405, 412  (S.D. N.Y. 1998), explained, "Numerous Courts of Appeal have concluded that an individual corporate officer or owner may be deemed an employer under the FLSA -- and therefore responsible for the corporation's FLSA obligations -- in situations where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
<u>**Yang, et al v. Shanghai Gourmet, LLC, et al.**</u>

significant functions of the business, or determines the employees' salaries and makes hiring decisions. In <u>Reich v Circle C. Investments, Inc.</u>, 998 F.2d 324, 329 (5th Cir. 1993), the court held that a "consultant" providing services to a corporation that owned and operated an exotic dance club, who held no ownership interest in the corporation, was not an officer of the corporation and did not exercise control over the most of the corporation's day-to-day operations, nonetheless came within the definition of an "employer" under the FLSA so as to be liable for unpaid wages owed to the corporation's dancers because he "exercised control over the work situation." Specifically, this individual hired some of the dancers, acted as their supervisor and gave them specific instructions as to how to perform their work, signed their paychecks, and imposed or threatened to discipline the dancers for violating certain work rules. As such, new defendants Xu Liang Shen and Bo Juan Liu acting in their roles as the owners and operators of the restaurant are clearly liable for the overtime owed to Plaintiffs under FLSA. As such, Plaintiff should be allowed to name new defendants Xu Liang Shen and Bo Juan Liu in place of Doe defendants based on liabilities of FLSA employers, as alleged in current Complaint at ¶ 4.

Furthermore, under California law, it is well established that in the situation where individuals acted as the alter ego of a corporation, corporate shareholders, officers and directors may be held personally liable for the acts or omissions of the corporation. <u>Sonora Diamond Corp. v. Superior Court</u>, 83 Cal. App. 4th 523, 538-39 (2000). Accordingly, since this case is still at the early stage, this Court should allow Plaintiffs to name new defendants Xu Liang Shen and Bo Juan Liu in place of Doe defendants alleged in the current Complaint at ¶ 10 for alter ego allegations.

Finally, under California Labor Code, the employer is also defined to include corporate officers acting on behalf of the corporate Defendant for the purpose of pursuing civil penalties

pursuant to Labor Code § 558[2]. As such, the new defendants Xu Liang Shen and Bo Juan Liu are liable for unpaid wages pursued as civil penalties under California Labor Code § 558, enforced by Plaintiffs through Private Attorney General's Act, Cal Lab. Code § 2269, *et seq.* See Reynolds v. Bement, 36 Cal. 4th 1075, at 1094 (2005) (conc. opn. of Moreno, J.).

### D. PLAINTIFFS WILL SATISFY THE REQUIREMENTS OF CALIFORNIA LABOR CODE § 2699.3

California Labor Code § 558 provides for recovery as civil penalty the unpaid wage and fines of $100 for each pay period the wage was not properly paid. California Labor Code § 2699 provides that "any provision …. for a civil penalty to be assessed ……, may … be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." § 2699.3(c) provides that an action under § 558 by an aggrieved employee may be commenced if the employee gave a written notice by certified mail to California Labor and Workforce Development Agency ("CLWDA") and the employer specifying the section the employer allegedly had violated, and the facts and theories supporting the alleged violation; and the employer failed to cure the violation within 33 days of the written notice by the employee.

On May 2, 2008, Plaintiffs sent a written notice by certified mail to both CLWDA and Defendant Shanghai Gourmet LLC. (Exh. 1 to Wang Decl.). Plaintiffs anticipate that Defendants will not cured its violations within 33 days of such notice, and Plaintiffs anticipate

---

[2] Labor Code § 558 provides: "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, …. any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
   (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
   (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages…."

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

that by the time of hearing of this motion, CLWDA will have issued a letter indicating that it does not intend to investigate into the alleged violations by Defendants. As such, Plaintiffs may commence civil action on behalf of themselves and all former and current employees against Defendants pursuant to California Labor Code § 558.

### E. THERE IS NO SUBSTANTIAL REASON TO DENY PLAINTIFFS TO ALLEGE FRAUDULENT CONVEYANCES AGAINST NEW DEFENDANTS

Plaintiffs also seek to add a new cause of action of fraudulent conveyance against new individual Defendants Xu Liang Shen and Bo Juan Liu. In their proposed FAC, Plaintiffs allege that in operating the restaurant business, Shanghai Gourmet LLC received a substantial portion of revenue in cash (FAC ¶ 50). Never counting that cash portion of its revenue as the corporate assets in its corporate books, Shanghai Gourmet LLC allowed Defendants Xu Liang Shen and Bo Juan Liu to take such cash receipts directly from the cash register without requiring them to pay adequate consideration to Shanghai Gourmet LLC (FAC, ¶¶ 50-51). As a result of siphoning the substantial amount of cash receipts from restaurant business form Shanghai Gourmet LLC to individual Defendants Xu Liang Shen and Bo Juan Liu, Shanghai Gourmet LLC was rendered insolvent in that it was left with no sufficient assets and funds to meet its obligations for unpaid overtime owed to all its current and former employees, while individual Defendants Xu Liang Shen and Bo Juan Liu accumulated substantial assets in their own names. (FAC, ¶ 51). Based on the facts alleged, Plaintiffs seek to recover the assets and funds fraudulently transferred to Defendants Xu Liang Shen and Bo Juan Liu. As Plaintiff has sufficiently alleged valid cause of action for fraudulent conveyance, absent any prejudice to Defendants, there is no substantial reason to deny Plaintiffs to allege this cause of action by way of amending the Complaint.

### F. DEFENDANTS CANNOT PROVE THAT THE PROPOSED AMENDMENTS ARE FUTILE

In light of the strong policy favoring leave to amend under Rule 15, absent showing that the amendments sought would be futile, there is no reason that Plaintiffs should not be granted

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

1  leave to amend. Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). As defendants are

2  unable to make such a showing, the Court should allow Plaintiffs to file the proposed FAC.

### G.  PLAINTIFFS' PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS IN THIS CASE

Plaintiffs' proposed amendment will not prejudice Defendants in this case. As stated above, this case is still at its early stage.   To date, no depositions have been taken, and parties have only taken limited discoveries mainly tailored to the need of early settlement discussion through mediation (Wang Decl., ¶ 4). The proposed amendments will not require more resources in litigating matters unrelated from the causes of actions already alleged in the current pleadings. For instances, in the pleadings as currently on file, Plaintiffs allege that Defendants failed to pay Plaintiffs the required overtime rate for the overtime hours worked. As such, the current Complaint will surround around the payroll practice and overtime policy of Defendants. The new claim seeking unpaid overtime wages for all employees will not change the operative facts alleged in current Complaint. As such, Defendants' ability to preserve documents and witness testimony, and prepare the case for trial will not be prejudiced one bit. See Sierra Club v. Penfold, 857 F.2d 1307, 1315 (9th Cir. 1988) (recognizing that "once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added").

Furthermore, should the Plaintiffs be denied to filed the proposed FAC, the only other alternative is to file a separate complaint against Defendants, which will require more resources from Defendants in defending themselves in that proceeding besides this case. As such, by adding new claims in this case, there is virtually no prejudice that will be caused by Plaintiffs' proposed amendments.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the proposed First Amended Complaint.

Dated: May 15, 2008

*Adam Wang*

Attorney for Plaintiffs
Bao Yi Yang, Wei Wang, Liang Xian Fu