1  Arthur J. Liu (State Bar No. 196874)
   INTER-PACIFIC LAW GROUP, INC.
2  1904 Franklin Street, Suite
   Oakland, CA 94612
3  Tel.: (510) 986-1198
   Fax: (510) 986-0889
4
5  John Gregory Downing (State Bar No. 157717)
   DOWNING LAW FIRM
   109 Geary Street, 4th Floor
6  San Francisco, CA 94108
   Tel: (415) 986-3644
7  Fax: (415) 449-6047
8  Attorneys for Defendant
   SHANGHAI GOURMET, INC.
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  BAO YI FANG, WEI WANG, and         )   **Case No.: C07-04882 JL**
    LIANG XIAN FU,                     )
13                                     )   **OPPOSITION TO MOTION**
           Plaintiff,                  )   **TO AMEND COMPLAINT**
14                                     )
       vs.                             )
15                                     )
    SHANGHAI GOURMET, LLC,             )
16                                     )   Date:  7/2/2008
           Defendants.                 )   Time:  9:30 a.m.
17                                     )   Dept:  16, Hon. James Larson

18

19  **1.     Introduction**

20         Having elected to make a federal case out of a minor wage and hour dispute, Plaintiffs

21  BAO YI YANG ("Yang"), WEI WANG ("Wang") , LIANG XIAN FU ("Fu")  (collectively,

22  "Plaintiffs") now propose to bring a class action on behalf of all current and former employees of

23  Defendant SHANGHAI GOURMET ("Shanghai Gourmet").  Defendant contends that leave

24  should be denied because: (1) Plaintiffs fail to first seek the modification of the existing pre-trial

25  scheduling order; and (2) fail to establish any basis for leave to be granted, particularly with

26  respect to the proposed class action brought pursuant to California Labor Code §2699.

27

28  **Opposition to Motion for Leave to Amend**
    *Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                      Page 1

**2.    Relevant Facts**

Plaintiffs are sophisticated individuals, who, having immigrated to the United States on B-1 business visas, overstayed their visas and worked without authorization. Subsequently, Yang and Wang both obtained political asylum based on their alleged practice of Falun Gong. Fu then obtained a green card with the assistance of Shanghai Gourmet.

During the time Plaintiffs worked at Shanghai Gourmet, in addition to their salary, each of the Plaintiffs received lodging, meals, and transportation to and from work. While Plaintiffs did work lunch and dinner six (6) days a week, but were given meal breaks and a longer break between lunch and dinner.

Presumably, because of their immigration status or because they were improperly trying to seek other government benefits, at times, Plaintiffs elected to receive their salary in cash. Plaintiffs now claim to have not received the cash income, are claiming to have worked at time when the restaurant had no customers between lunch and dinner.

In their initial complaint, Plaintiffs alleged causes of action for violations of California Labor Code §§201, 226, 226.7, 510, and 1197. Plaintiff also added a claim for violation of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and alleged a claim for California Business and Professions Code §17200.

On November 24, 2007, a joint Case Management Conference Statement was filed on November 24, 2007. In that statement, it was indicated that:

> "After the identities of owners of the restaurant have been ascertained through discovery, Plaintiffs will amend the complaint to include the owners of the restaurant as employers of Plaintiffs under FLSA and under the theory of piercing corporate veil."

On December 12, 2007, the owners of the restaurant were identified as Xu Liang Shen and Bo Juan Liu, the members of Shanghai Gourmet, LLC . (Certificate of Interested Entities or Persons, filed December 12, 2007)

1    Also on December 12, 2007, a case management conference was held, after which the
2 court issued a scheduling order incorporating the parties' discovery cut-off of September 3, 2008.
3    On March 12, 2008, a further case management conference was held. Plaintiffs' counsel
4 failed to appear.
5    On May 17, 2008, five (5) months after being informed of the identity of the owners of
6 Shanghai Gourmet, LLC, Plaintiffs filed their Motion for Leave to File First Amended
7 Complaint. In their proposed amended complaint, attached to their motion as Exhibit 1,
8 Plaintiffs seek to add Xu Liang Shen and Bo Juan Liu as Defendants. Plaintiffs are now seeking
9 to allege claims as follows:

(1)   Violation of the California Labor Code §1194;

(2)   Violations of the Fair Labor Standard Act (Non-payment of overtime);

(3)   Failure to Provide Meal Period in Violation of Labor Code §226.7;

(4)   "Waiting Time" Penalties under California Labor Code §203.5;

(5)   For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §17203;

(6)   Private Attorney General's Act under Labor Code §2699 and 558; and

(7)   Fraudulent Conveyance under Civil Code §§3439.04 and 3439.05.

**3.   Plaintiffs fail to meet the requirements of Rule 16, that good cause be shown before a pre-trial scheduling order is modified.**

While Plaintiffs discuss at length Rule 15, Federal Rules of Civil Procedure[1], they fail to discuss Rule 16. As set forth in Rule 16(a)(2) and (3), the purposes of the Pretrial Conference is to establish "early and continuing control so that the case will not be protracted ... [and] discouraging wasteful pretrial activities." Once issued, a scheduling order can "be modified only for good cause and with the judge's consent." Rule 16(b)(4)

---

[1]Unless otherwise indicated, all statutory references are to the Federal Rules of Civil Procedure.

**Opposition to Motion for Leave to Amend**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                                     Page 3

Once a scheduling order has been issued, a plaintiff must establish good cause before a scheduling order is modified to allow for the filing of an amended pleading. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,608 (9th Cir. 1992). In the present case, while a trial date was not set because Plaintiff's counsel failed to appear at the last Case Management Conference, other dates, including discovery cut-off were set. If amendment is permitted to allow Plaintiff's wide-ranging new claims, the scheduling order would have to be modified to accommodate the fishing expedition Plaintiffs apparently intend to embark on to prove their private attorney general's claims on behalf of all of Defendant's current and former employee. No effort to do so was made by Plaintiffs' counsel, who appears to believe that the Court's case management requirements do not apply to him.

**4.    Plaintiffs are not entitled to relief under Rule 15**

While leave to amend is liberally granted, it remains the moving party's burden to give a reason why justice requires leave to amend. *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401,406-406.

If the moving party meets that burden, then it the opposing party may make a showing that leave to amend should not be granted because of prejudice to the opposing party, bad faith by the moving party, or futility of amendment. *Bowles v. Reade*, 198 F.3rd 752,758 (9th Cir. 1999) Unexplained delay, alone or in conjunction with prejudice, can provide a basis for denial. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946,953 (9th Cir. 2006)(unexplained eight month delay in seeking amendment justifies denial). Granting or denying of leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. USFS*, 87 F.3d 339,343 (9th Cir. 1996)

First, Plaintiff puts forth no reason, much less evidence, as to why leave to amend should be granted. Plaintiffs' counsel represents that he recently learned the identity of Defendants' owners "through discovery". Instead, Xu Liang Shen and Bo Juan Liu were identified in the Certificate of Interested Entities or Persons, which was <u>filed on December 12, 2007</u>.

**Opposition to Motion for Leave to Amend**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                                                                                   Page 4

Second, Plaintiffs make no effort to explain the delay between learning the identity of Defendants' owners and the filing of this motion five (5) months later.

Third, prejudice can be established where the proposed new claims greatly change the nature of the litigation or the potential claims are futile. *Morongo Band of Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1990)("amending complaint to allege claims under RICO greatly changed the nature of the litigation and justified denial of leave to amend")  Both factors are present here.

With respect to the proposed cause of action pursuant to California Labor Code §2699, Plaintiffs apparently intend to bring it on behalf of themselves and all other current employees. This entails a class action. *See Caliber Bodyworks v. Superior Court* 134 Cal.4th 365,376, *citing Prince v. CLS Transportation, Inc*. (2004) 118 Cal.App.4th 1320, 1328.  Even if Plaintiffs can procedurally manage to change this existing lawsuit into a class action, the motion should be denied, at least with respect to private attorney general cause of action, because of the prejudice this will cause to Defendant in terms of having to defend a wide-ranging completely different lawsuit.

Similarly, the fraudulent conveyance cause of action appears to allege that the withdrawal of cash by Defendant's owners constitutes a fraudulent conveyance.  While perhaps such allegations may form the basis for *alter ego* liability, it is difficult to understand how they would form the basis for a fraudulent conveyance cause of action under California Civil Code §§3439.04 and 3439.05.

**5.    Conclusion**

For the reasons stated above, Defendant requests that Plaintiffs be denied leave to amend.

Dated: June 18, 2008                                         DOWNING LAW FIRM

                                                      By:    _____ /s/_____
                                                             John G. Downing, Attorneys for
                                                             Defendant Shanghai Gourmet LLC

I, BEV BROWN, declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 10069 West River Street, Truckee, California, I am employed in Nevada County, California.

On June 18, 2008, I served the following documents:

**(1)   ANSWER OF BENEFICIARY DEFENDANTS;**

**(2)   COUNTER-CLAIM; and**

**(3)   CROSS-CLAIM.**

on the interested parties in this action, as set forth below:

| Attorneys for Debtors | Request for Special Notice |
|---|---|
| Fred Schill, Esq.<br>2068 Talbert Dr #300<br>Chico, CA 95928<br>E-mail: attyfschill@hotmail.com | Dennis Cowan<br>PO Box 992090<br>Redding, CA 96099-2090<br>E-mail: office@dcowanlaw.com |
| Les Hait, Esq.<br>762 East Avenue<br>Chico, CA 95926 | Trustee(s)<br>Office of the U.S. Trustee<br>501 "I" Street, Ste. 7500<br>Sacramento, CA 95814 |

__X__   By Mail: On June 18, 2008, I caused true and correct copies of the above-described documents to be placed and sealed in envelopes for collection and mailing with the United States Postal Service on the same day to the above address.

__X__   By E-mail  On June 18, 2008, I caused true and correct copies of the above-described documents to be sent via e-mail to the addresses referenced above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 18, 2008 in Truckee, California.

_____/s/_____
BEV BROWN

**Opposition to Motion for Leave to Amend**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                        Page 6