ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG XIAN FU<br><br>         Plaintiffs,<br><br>     vs.<br><br>SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, and DOES 1-10<br><br>         Defendants | Case No.: C07-04482 JL<br><br>**OBJECTION TO THE LATE FILED OPPOSITION AND REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date:**      **July 2, 2008**<br>**Time:**      **9:30 AM**<br>**Judge:**    **Honorable James Larson**<br>**Trial Date:**  **None** |

## A.    INTRODUCTION[1]

Plaintiff's motion for leave to amend is not unduly delayed.  The necessary information to file the motion for leave to amends was not obtained until February 2008—three months before the filing of this motion.  The motion for leave to amend was reasonable withheld pending the mediation which was held on March 11, 2008, leaving a door open for the possibility of reconvening after Defendants had the opportunity to consider the facts and authorities provided to them during the mediation session; and in two weeks following the filing of the certification of the completion of the ADR process by the mediator—a signal that Defendants rejected the choice of reconvening the mediation, and decided to litigate the case.

---

[1] Defendant's opposition was seriously late.  The hearing on this motion  is scheduled on July 2, 2008.  Opposition was due three week prior to that date, *i.e.*, was due on June 11, 2008; and the Plaintiffs should 7 days to file a Reply on June18, 2008.  However, Defendants did not file its opposition until June 18, 200, the date Plaintiffs' Reply was due.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

Furthermore, the justice requires that the Plaintiffs be permitted to amend their complaint to allege claims against Defendant's owners who have siphoned funds from the Defendants in violation of all tax and record keeping laws, and then hide behind the corporate veil to the detriment of their employees including Plaintiffs.

Moreover, the proposed amendments would not prejudice Defendants, because the new claims under Private Attorney General's Act basically arise out of Defendant's same uniform payroll practice that denies overtime compensation to all its employees which had given rise to the original claims for unpaid overtime alleged in the current Complaint. The nature of the case would not be drastically changed by the inclusion of new employees, because Defendant is required to take "an entirely new cause of defense" as defendants in *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir.1990). In fact, the new claims do not even raise the need for new evidence and new facts to defend the claims made on behalf of the additional employees.

**B. THE POLICY BEHIND LIBERAL RULE 15 MANDATES THE GRANTING OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

The 9th Circuit has long taken the note that "[t]he 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." *State of Cal. ex rel.Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citation omitted). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the policy behind liberal

---

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

Rule 15 mandates the granting of Plaintiffs leave to amend.

**C.     PLAINTIFFS' MOTION TO AMEND IS NOT UNDULY DELAYED**

Plaintiff did not unduly delay in making this motion for leave to amend. The first purpose of amendment is to add individual defendants because the corporate Defendant's funds have been siphoned.  In order to do so, Plaintiffs have to know the identity of the individuals who have the ownership in the corporation, and had the control over the work condition and work situation of Plaintiffs.  See *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983).  Plaintiffs did not have such information until February 2008 when Defendants answered Plaintiffs' interrogatories—three months before filing this motion.  Although on December 12, 2008, Defendant filed the certificate of interest revealing the individual owners of Defendant Shanghai Gourmet LLC, such information is not sufficient to identify the individuals who may be held liable for unpaid wages under *Bonnette*.

Furthermore, it is reasonable for Plaintiffs to wait until the ADR process is completed before filing the motion for leave to amend. In fact, Defendants did not expect any motion practices before the mediation in this simple wage and hour case.  Indeed, based on Defendant's own admission in its responses to Plaintiffs' discovery requests, Plaintiffs are owed substantial amount of overtime.  There is no justification nor is it reasonably expected to plunge into motion practices before mediation in this situation where liabilities are clear and likelihood for reaching settlement in the mediation should be high.  On March 11, 2008, parties held a mediation session.  Although the case did not settle, parties left session with the understanding that a second session may follow shortly after Defendants had a chance to consider the facts and legal authorities learned at the mediation.  It was not until May 2, 2008 that the certification of the completion of the ADR was filed, signaling that Defendants have opted to preclude settleemtn through ADR process and chose to litigate this case.  This motion was filed in two weeks after the certification of ADR completion was filed.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

1    Citing *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946,953 (9th Cir. 2006),

2    Defendant argues that delay for 8 months in filing motion for leave to amend is a sufficient

3    ground for denying the motion despite the liberal policy in granting leave to amend under Rule

4    15. Defendant has misconstrued and misapplied the holdings of this line of cases. First, the

5    plaintiff in *AmerisourceBergen* did not file the motion to amend until *15* months after the

6    information necessary to make the motion was learned, and three months after plaintiff there

7    took a formal position that was completely opposite to what was alleged in amended complaint.

8    Furthermore, in upholding the district court's denial of motion for leave to amend, the 9th Circuit

9    emphasized the fact that because defendants in that case have been led to preparing defenses for

10   an extended period of time based on the position that had been taken y plaintiff which would be

11   reversed by the proposed amendments. As such, the Court in *AmerisourceBergen Corp* found

12   that the proposed amendments would likely cause defendants there to unfairly incur high and

13   additional litigation costs. See *id.*

14       This factor does not exist here. Plaintiff has never taken position that would be changed

15   by the proposed amendments. In fact, the proposed First Amended Complaint is substantially

16   similar to the operative Complaint currently on file. As such, the type of the prejudice to

17   defendants in *AmerisourceBergen Corp* is not present here.

18       *AmerisourceBergen Corp* Court points to *Texaco Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir.

19   1991), which held that an eight month delay between the time of obtaining a relevant fact and

20   seeking leave to amend is unreasonable and warrants a denial of the motion for leave to amend.

21   However, *Texaco* is also substantially distinguished from this case. In *Texaco*, plaintiff waited 8

22   months after a summary judgment motion was granted against it, and nearly two years after the

23   filing of the Complaint. Furthermore, plaintiff in *Texaco* had another case pending which

24   already alleged the most of facts alleged in the proposed amendments. Finally, there was a trial

25   date set in that case and the Court found the amendment was sought at a time to close to the trial.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

See *Texaco*.  However, none of these facts are present here.  The Complaint was filed on August 29, 2007, and Plaintiffs seek leave to amend only 9 months after the filing of the original Complaint; three months after learning of the relevant facts in February 2008; and two weeks after the possibility of settlement through ADR process was precluded upon the filing of the certificate of ADR completion on May 2, 2008.  There is no trial date set in this case.  Accordingly, there is no analogy between *Texaco* and this case.

**D.    THE COURT SHALL FREELY GRANT PLAINTIFFS LEAVE TO AMEND MOTION AS JUSTICES REQUIRE SO**

In *Texaco* where plaintiff sought to allege facts in the proposed amended complaint that are substantially the same facts already alleged in another case plaintiff filed that was still pending.  Here, to the contrary, Plaintiffs are likely to be deprived of a real and meaningful recovery if they are not allowed to amend their complaint to name individual defendants.  As alleged in the proposed First Amended Complaint, the owners of the corporate Defendant Shanghai Gourmet LLC had consistently operated a cash business where much of the cash receipts had been kept under table and off the books.  As such, substantially funds and assets have been siphoned off the corporate Defendant, rendering it unable to meet its obligation even if Plaintiffs proceed to trial and secure a judgment.  To deny Plaintiffs' motion for leave to amend is deny Plaintiffs the justice and the real chance of recovery.  As such, based on this ground alone, the Court should grant Plaintiffs' motion for leave to amend as the justice requires so.  See FED. R. CIV. PRO. 15(a)(2).

**E.    DEFENDANTS WOULD NOT BE PREJUDICED BY THE PROPOSED AMENDMENTS**

In its opposition, Defendant did not allege it would be prejudiced because the amended complaint would render the costs previously spent useless, or it would caught in surprise and be left with insufficient time to prepare for its defense.  Rather it argues that proposed Private Attorney General's Act ("PAGA") claims on behalf of all employees would turn this action into

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

a class action, and would dramatically change the nature of the litigation.  Defendant cites only *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir.1990) to support its position.

However, *Morongo* is inapposite.  In *Morongo*, the Court held that the RICO claims sought by the amendments would require defendants there to undertake an entirely new cause of defense.  See *id.*  This is not the case here.  As indicated above, Defendant had uniform payroll practice that applies to all employees.  The only PAGA claim alleged in the amended complaint is to seek the recovery of unpaid overtime on behalf of all employees through Labor Code § 558.  As such, the essence of the PAGA claim is identical to the overtime claim alleged in the original Complaint.  Therefore, Defendant is not "required to undertake an entirely new cause of defense", as would the Defendants in *Morongo*.

Even the *Morongo* Court acknowledged the fact that new claims sought to be added by the amendment would change the nature of the litigation "is not fatal to amendment," but only enters into balance, See *id.* As made clear by the *Morongo* Court, the undue delay, particularly the fact that the amend complaint was sought after the district court entered a dismissal of the original complaint based on a finding that it lacked jurisdiction played more weight in the upholding of the district court's denial for leave to amend .  Based on this, the *Morongo* Court indicated that defendants there may again move for leave to amend and allege RICO claims after the case was remanded to the district court based on the appellate court holding that the district court should exercise jurisdiction.  *Id.* Accordingly, *Morongo* in fact does not actually stands for a proposition that the district court should deny any motion for leave to amend to allege new claims that would likely to substantially change the nature of the existing litigation; let alone the new claims sought by amendments, as such this case here, are substantially identical to the claims alleged in the existing Complaint. Therefore, Defendant's reliance on *Morongo* is misplaced; and the Court should grant Plaintiffs' motion for leave to amend to allege civil penalties under Labor Code § 558 pursuant to PAGA on behalf of *themselves* and all other employees.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

**F.    FRAUDULENT CONVEYANCE CLAIM WOULD NOT BE FUTILE**

Finally, Defendant argues that the facts of withdrawing cash by Defendant's owners would not constitute fraudulent conveyance.  Defendant is wrong.  The essence of the fraudulent conveyance is transfer of assets from one person to another person without proper consideration, rendering Defendant incapable to meet its financial obligation such as wage liabilities to Plaintiffs. The proposed First Amended Complaint alleges that Defendant allows its owners to withdraw substantial cash receipts without entering its books, and without proper consideration to it.  Such continuous transfer of cash receipts to Defendant's owners without proper consideration form the owners have depleted Defendant's funds and assets that would should have been used to meet its payroll obligations owed to its employees including Plaintiffs.  These facts alleged would constitute fraudulent conveyance, entitling Plaintiffs to recover the money fraudulently transferred to Defendant's owners.

**G.    CONCLUSION**

Based on the foregoing reasons, the Court should grant Plaintiff's motion for leave to amend the First Amended Complaint.

Dated: June 25, 2008

Adam Wang

Attorney for Plaintiffs
Bao Yi Yang, Wei Wang, Liang Xian Fu

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**