Arthur J. Liu (State Bar No. 196874)
INTER-PACIFIC LAW GROUP, INC.
1904 Franklin Street, Suite
Oakland, CA 94612
Tel.: (510) 986-1198
Fax: (510) 986-0889

John Gregory Downing (State Bar No. 157717)
DOWNING LAW FIRM
109 Geary Street, 4th Floor
San Francisco, CA 94108
Tel: (415) 986-3644
Fax: (415) 449-6047

Attorneys for Defendant
SHANGHAI GOURMET, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI FANG, WEI WANG, and LIANG XIAN FU,<br><br>Plaintiff,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC,<br><br>Defendants. | **Case No.: C07-04882 JL**<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**<br><br><br>Under Submission<br>Dept:  16, Hon. James Larson |

**1.    Introduction**

After the hearing on July 2, 2008, the Court requested additional briefing with respect to Count Six of the proposed First Amended Complaint, pursuant to which Plaintiffs BAO YI YANG ("Yang"), WEI WANG ("Wang") , LIANG XIAN FU ("Fu")  (collectively, "Plaintiffs") seek to bring a claims "on behalf of all current and former employees" of Defendant SHANGHAI GOURMET LLC ("Shanghai Gourmet").  This proposed cause of action is brought pursuant to Labor Code §2699, California's Private Attorney General Statute, which was enacted in 2003 ("PAGA").

## 2. Relevant Facts

Defendant Shanghai Gourmet, LLC, operated two (2) Chinese restaurants from 2000 to 2007. It now operates only one. (Shen Declaration in Opposition to Motion to Amend Complaint ("Decl", ¶2)

It has about thirty (30) former employees and twelve (12) current employees. The only three (3) employees to ever complain of any wage and hour problems are the Plaintiffs. (Decl, ¶3)

Defendant denies any wrongdoing. Plaintiffs were paid more than the applicable hourly wage for all work performed and received additional benefits such as housing, meals, a break between lunch and dinner, and transportation to and from work. (Decl, ¶4)

This litigation has already caused Defendant and its owners financial hardship, expanding the lawsuit to involve thirty-nine additional (39) employees and potential plaintiffs will cause even greater hardship on them. (Decl, ¶5)

## 3. PAGA

Labor Code §2699[1](a), provides, in pertinent part, that any provision of the Labor Code that:

> .... provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

§2699.3 provides various administrative procedures required before Plaintiffs may seek relief on behalf of other current or former employees. Any penalties are paid "75% to the Labor and Workforce Development Agency ... and 25% to the aggrieved employees". §2699(i)

---

[1] Unless otherwise indicated, all statutory references are to the California Labor Code.

**Supplemental Brief re: PAGA Cause of Action**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                                     Page 2

1  In analyzing, §2699 and 2699.3, the Court in *Caliber Bodyworks v. Superior Court* 134 Cal.4th 365,367, observed that "wage and hour disputes (and others in the same general class) routinely proceed as class actions", *citing Prince v. CLS Transportation, Inc*. (2004) 118 Cal.App.4th 1320, 1328.

Two cases filed pursuant to PAGA were brought as class actions. *Aguiar v. Cintas Corp.* (2006) 144 Cal.App.4th 121; *Dunlop v. Superior Court* (2006) 142 Cal.App.4th 330.

At the hearing, counsel for Plaintiffs stated that there were two cases which held that actions under PAGA need not brought as class actions, but that one was not citeable. Undersigned counsel could only find one case, *Arias v. Superior Court* (2007) 153 Cal.App.4th 777, which is not citeable because the California Supreme Court de-published it.

In *Arias*, the plaintiff employee brought claims pursuant to PAGA and Business Professions Code §17200 on behalf of himself and in his representative capacity for the interest of other current and former employees. The court first held that Plaintiff's claims pursuant to Business and Professions Code §17200 could only be brought as a class action. The Court then held that because, in its view, restitution is not the primary object of a PAGA action, it need not be brought as a class action. 153 Cal.App.4th 777. Angelo Dairy, the real party in interest pointed out that the only way a plaintiff can recover on behalf of an unnamed employee was through a class action and that because aggrieved employees are entitled to 25 percent of any penalty, there are fiduciary and constitutional concerns, and that class action procedures are required to ensure that no absent class member is deprived of the opportunity to independently press his claim.

Despite these concerns, the court in *Arias* allowed the plaintiff to proceed on behalf of the other employees. The Supreme Court promptly de-published *Arias* and granted review.[2]

---

[2]According to the Supreme Court's website, no final decision has been issued yet. briefing has been completed with respect to the issue of whether an employee who is pursuing claims under PAGA must bring them as a class action.

**Supplemental Brief re: PAGA Cause of Action**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                                    Page 3

It now appears that these is no longer any good caselaw allowing Plaintiffs to bring a PAGA claim on behalf of current and former employees without bringing it as a class action.

**4.     Leave to Amend Should be Denied**

While leave to amend is liberally granted, it remains the moving party's burden to give a reason why justice requires leave to amend. *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401,406-406. If the moving party meets that burden, then the opposing party may make a showing that leave to amend should not be granted because of prejudice to the opposing party, bad faith by the moving party, or futility of amendment. *Bowles v. Reade*, 198 F.3rd 752,758 (9th Cir. 1999) Prejudice can be established where the proposed new claims greatly change the nature of the litigation or the potential claims are futile. *Morongo Band of Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1990)("amending complaint to allege claims under RICO greatly changed the nature of the litigation and justified denial of leave to amend")

Plaintiffs did not initially bring this action in a representative capacity. When given an opportunity at the hearing, Plaintiffs' counsel could provide no reason why this lawsuit was not originally brought by the Plaintiffs in their representative capacity. Given that failure to provide an explanation, one is left with two conclusions: (1) that there is no reason which requires such an amendment, and (2) that the amendment is being sought in bad faith to achieve a leverage on the current claims.

If permitted to now bring this case in a representative capacity, presumably, as a class action[3], Defendant would, one year into the litigation, be put in the position of having to defend 39 new claims, with the attendant discovery expense of responding to a fishing expedition, the effect on the financial privacy of the 39 other employees, and a likely fatal disruption to what is left of their restaurant business. Given this prejudice, leave to amend should be denied.

---

[3]The alternative to a class action might be for Plaintiffs to attempt to join the other 39, presumably unwilling, current and former employees, or to substitute themselves in as Plaintiffs, this time in a representative capacity "on behalf of current and former employees". Either way, there are procedural concerns which are ignored by Plaintiffs.

**Supplemental Brief re: PAGA Cause of Action**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                          Page 4

**5.    Conclusion**

For the reasons stated above, Defendant requests that Plaintiffs be denied leave to amend, at least with respect to Count 7, the PAGA Claim.

Dated: July 11, 2008                                DOWNING LAW FIRM

                                                By:      /s/
                                                    John G. Downing, Attorneys for
                                                    Defendant Shanghai Gourmet LLC