ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| BAO YI YANG, WEI WANG, AND LIANG XIAN FU<br><br>Plaintiffs,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, and DOES 1-10<br><br>Defendants | Case No.: C07-04482 JL<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
|---|---|

Pursuant to this Court's request, Plaintiffs file this supplemental briefing in support of their motion for leave to file First Amended Complaint.

1. **THE PLAIN LANGUAGE OF PAGA STATUTE AUTHORIZES PLAINTIFFS TO SEEK CLASS RELIEF ON BEHALF OF ALL EMPLOYEES WITHOUT CLASS CERTIFICATION**

California Labor Code § 2699 provides:

> "**Notwithstanding any other provision of law**, ... a civil penalty to be assessed and collected by the Labor and Workforce Development Agency... may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees **pursuant to the procedures specified in Section 2699.3**." (Emphasis added).

Id.

Labor Code § 2699.3 includes a number of procedural requirements including notice to the employer and Labor and Workforce Development Agency, time periods during which an

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

1                                   Case No.     C07-04482JL

action cannot be commenced, and the right of an employer to "cure" under certain circumstances. It does NOT include any reference to class action procedures. The clear language of the statute creates a new type of action that can be brought "notwithstanding" any other provision of law, including provisions applicable to other types of representative actions.

California Labor Code § 2699(a) authorizes representative actions that are clearly not subject to the certification procedures. Were it otherwise, there would have been no need for the legislature to have provided that certain settlements resulting from litigation pursuant to the Labor Code Private Attorneys General Act must be approved by the Superior Court (Labor Code §§ 2699.3(b)(4) and 2699 (1)), because all class action settlements are subject to court approval under both federal and state laws. See Cal. Rule of Court, rule 1859(a); Fed . R. Civ. Pro. 23(e). There is no mention of any provisions relating to class actions in Labor Code §§ 2698 *et seq*., either California Code of Civ. Proc. § 382 or the California Rules of Court.

### 2. THE LEGISLATIVE HISTORY OF LABOR CODE § 2699 *et seq.* DEMONSTRATES THAT REPRESENTATIVE PAGA ACTIONS DO NOT REQUIRE CLASS CERTIFICATION

The legislative history of PAGA demonstrates that representative PAGA action does not requires class certification.  During the process the SB796 was being evaluated and debated, employer groups opposed the statute on the grounds that its passage would mean that "aggrieved employees may file on behalf of a class, but are not required to fulfill class certification requirements." This objection was noted in the analysis for the amendment introduced on May 12, 2003, See Senate Rules Committee Analysis on Employment, SB 796, (2003) page 7), at Wang Sup. Decl., Exh. 1., where the language for the proposed section is almost identical to the current § 2699*, i.e.,* the PAGA penalties "may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself or other current or former employees." See Senate Bill No.796, Amended in Senate May 12, 2003, at  Wang Supp. Decl., Exh. 2. The subsequent amendments to the Senate Bill No. 796 only resulted in the addition to the § 2699 of the langue that the PAGA representative actions must be brought "**pursuant to the procedures specified in Section 2699.3.**" Accordingly, it is abundantly clear that a

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

2                              Case No.     C07-04482JL

representative action under PAGA is not subject to the class certification requirements.

Moreover, the amendment of Private Attorney General representative actions under California unfair competition law ("UCL") following the passage of Proposition 64 requiring class certification process while keeping Labor Code PAGA unchanged further demonstrates that Labor Code PAGA representative actions are intentionally left not to comply with the class certification requirements.  As indicated in the SB 796 analysis authored by the Chair of Senate Committee on Labor and Industrial Relations, Labor Code PAGA was intended to authorize individuals aggrieved by violations of Labor Code violations to act as a private attorney general as those individuals authorized by UCL to "maintain[] a claim against a business for violating the law or competing unfairly."  See Wang Supp. Decl., Exh. 3, at page 1 to 2 of 8.  When the SB 796 was signed into law by the Governor of California in October 2003 (see Wang Supp. Decl. Exh. 4), the language of UCLA[1] permitted a plaintiff to act in the role of private attorney general to represent general public to pursue UCL claims without class certification process.  See Kraus v. Trinity Management Services, Inc., 23 Cal.4th 116, 126 (2000) at foot note 10 where the California Supreme Court stated that "[w]e use the term 'representative action' to refer to a UCL action that is not certified as a class action in which a private person is the plaintiff and seeks disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff."  In November 2004, California voters passed Proposition 64, adding a provision in § 17203 which requires a private plaintiff to meet the class action certification requirements to bring a representative action.  See Proposition 64, at Wang Supp. Decl., at Exh. 5.  Despite the new class certification requirements added to the UCL representative actions, the California legislature h did not act to accordingly amend the Labor Code PAGA language.  "The specific inclusion in Business and Professions Code section 17203 of a requirement to comply with class

---

[1] Pre-Proposition 64, California Business & Professions Code § 17204 provided:  "Actions for any relief pursuant to this chapter shall be prosecuted … by any person acting for the interests of itself, its members or the general public."  See Wang Supp. Decl. Exh. 5.

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

3                         Case No.    C07-04482JL

action procedures] and the concomitant omission of any such requirement in section 2699.3 are further indications that the Legislature did not intend that a representative action under [PAGA] comply with class action procedures." See <u>Sinolinding v. United Staffing Solutions, Inc.</u>, 2008 WL 134904 (Cal.App. 2 Dist.), at *9-10.

### 3. TWO CALIFORNIA APPELLATE COURTS HAVE CONCLUDED THAT PAGA REPRESENTATIVE ACTIONS DO NOT REQUIRE CLASS CERTIFICATION

Two California appellate courts that have considered the issue have concluded PAGA representative actions do not require class certification. The first case <u>Arias v. Superior Court</u>, 153 Cal.App.4th 777 (Cal. App. 3 Dist. 2007) resulted in a published opinion, but was de-published pending review by California Supreme Court. The second case, decided in January 2008 by an unpublished opinion, is <u>Sinolinding v. United Staffing Solutions, Inc.</u>, 2008 WL 134904 (Cal. App. 2 Dist. 2008). In both cases, the Court examined the language of the PAGA statute, the amendment to the UCL representative action, and the purpose of PAGA, and both have come to the same "inescapable" conclusion that PAGA representative does not require class certification.

In addition to the statutory language and legislative history, <u>Sinolinding</u> court found that a PAGA action is actually an enforcement action where a private plaintiff is deputized to sue for civil penalties as an alternative to the enforcement by California Labor and Workforce Development Agency ("LWDA"). As such, a PAGA action is distinct from a typical class action. See <u>Sinolinding</u>, 2008 WL 134904, at *10. In other words, PAGA action, although brought by a private plaintiff, is as if an enforcement action brought by the LWDA where no class certification is required.

### 4. DEFENDANTS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING A SUBSTANTIAL REASON EXISTS TO DENY THE MOTION FOR LEAVE TO AMEND

It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." <u>State of Cal. ex rel.Mueller v. Walgreen</u>

---

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997). Defendants have completely failed to meet such burden.

Defendants are not disputing that the discovery in this case is still in early stage. Nor are Defendants alleging that the discoveries thus far would be duplicative of those expected should the proposed amendments be permitted. Nor do Defendants claim that they have been prejudiced because Plaintiff's failure to allege the PAGA claims in the first place has caused their inability to preserve any evidence.

Instead, Defendants complain Plaintiffs do not articulate a reason that requires the amendment. The argument misses the point. In opposing a motion for leave to amend, it is Defendants, rather than Plaintiffs, who bear the burden to demonstrate the substantial reason exists to deny the leave to amend. State of Cal. ex rel.Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997). Merely claiming that Plaintiffs have not articulated a reason to amend the complaint does not meet that burden. Absent such a showing of the substantial reason to deny the motion for leave to amend, leave to amend "shall" be freely granted.

Defendants also claim that Plaintiffs act in bad faith to seek the amendment to allege the PAGA representative action when they did not file the class action claim in the first place. However, Defendants have failed to cite any authority that supports their position that after filing the complaint alleging only individual claims, Plaintiffs should not be granted a leave to allege a representative action when Defendants have not demonstrated that such amendments would be futile and would prejudice Defendants. Furthermore, Plaintiffs are not acting in bad faith if they first alleged, and sought to settle, their individual claims, and then after the settlement efforts failed and they are forced to litigate the case, seek to allege the representative actions. The liberal policy under Rule 15 shall still apply under this circumstance as long as Defendants cannot demonstrate the undue delay, bad faith, futility and prejudice.

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

Defendants finally submitted a declaration seeking to influence the Court with irrelevant considerations. On its face, Defendants' declaration is actually asking this Court to grant them a license to freely violate the both federal and state wage and hour laws simply because their offending business is owned by husband and wife. In their declaration, Defendants have the temerity to allege that Plaintiffs' claims are frivolous, even though in the discovery they already admitted Plaintiffs were required to work six days a week with more than 8 hours a day while being paid a fixed monthly salary[2]. Taking such a recalcitrant position, Defendants themselves, not anyone else, are to blame for the so-called "tremendous financial burden" caused by this litigation. In fact, all Defendants' employees have the same work schedule, and all have the same wage arrangement, *i.e.,* fixed salary for the fixed amount of work hours in excess of 8 hours a day and 40 hours a week. As revealed by the discovery, Defendants did not have the practice of maintaining employees' time records as required by the law. As such, expanding this case to include all Defendants' former and current employees as authorized by PAGA would not further complicate this litigation, and would not prejudice Defendants in their defense.

**5. CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion for leave to amend the First Amended Complaint.

Dated: July 11, 2008

*Adam Wang*
Attorney for Plaintiffs
Bao Yi Yang, Wei Wang, Liang Xian Fu

---

[2] Defendants counsel has been cited to <u>Espinoza v. Classic Pizza Inc.</u>, 114 Cal.App.4th 968 (2003), which clearly held that this arrangement would not shield Defendants from overtime liabilities.

**PLAINTIFFS' SUPPLEMENTAL BRIEFINGS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**