```
 -----------------------------------------------------------
|SENATE RULES COMMITTEE            |                  SB 796|
|Office of Senate Floor Analyses   |                        |
|1020 N Street, Suite 524          |                        |
|(916) 445-6614         Fax: (916) |                        |
|327-4478                          |                        |
 -----------------------------------------------------------
```

                        THIRD READING


Bill No:  SB 796
Author:   Dunn (D)
Amended:  5/12/03
Vote:     21


  SENATE LABOR & IND. RELATIONS COMMITTEE  :  5-3, 4/9/03
AYES:  Alarcon, Dunn, Figueroa, Kuehl, Romero
NOES:  Oller, Margett, McClintock

  SENATE JUDICIARY COMMITTEE  :  4-2, 4/29/03
AYES:  Escutia, Cedillo, Kuehl, Sher
NOES:  Morrow, Ackerman

  SENATE APPROPRIATIONS COMMITTEE  :  Senate Rule 28.8


  SUBJECT  :    Employment

  SOURCE  :     California Labor Federation, AFL-CIO
              California Rural Legal Assistance Foundation,
Inc.


  DIGEST  :    This bill allows employees to sue their
employers for civil penalties for employment law
violations, and upon prevailing, to recover costs and
attorneys' fees.  This bill is intended to augment the
enforcement abilities of the Labor Commissioner by creating
an alternative "private attorney general" system for labor
law enforcement.

  ANALYSIS  :    Existing law authorizes the State Labor and
Workforce Development Agency (LWDA) (comprised of the DIR,
                                                  CONTINUED

```
                                              SB  796
                                              Page
  2
```

the Employment Development Department, the Agricultural Labor Relations Board, and the Workforce Investment Board) to assess and collect civil penalties for violations of the Labor Code, where specified.

Existing law authorizes the Attorney General and other public prosecutors to pursue misdemeanor charges against violators of specified provisions of the code.

Existing law authorizes an individual employee to file a claim with the Labor Commissioner alleging that his or her employer has violated specified provisions of the code, and to sue the employer directly for damages, reinstatement, and other appropriate relief if the Commissioner declines to bring an action based on the employee's complaint.

Existing law further provides that any person acting for itself, its members, or the general public, may sue to enjoin any unlawful, unfair, or fraudulent business act or practice, and to recover restitution and disgorgement of any profits from the unlawful activity.

This bill is entitled the "Labor Code Private Attorneys General Act of 2004."

This bill would provide that any Labor Code violation for which specific civil penalties have not previously been established shall be subject to a civil penalty of $100 for each aggrieved employee per pay period for an initial violation, and $200 for each aggrieved employee per pay period for continuing violations.  (The penalty would be $500 per violation for a violator who is not an employer.)

This bill further would provide that, for any Labor Code violation for which the LWDA does not pursue a complaint, any aggrieved employee may sue to recover civil penalties in an action brought on behalf of himself or herself or other current or former employees.

This bill would define "aggrieved employee" as "any person employed by the alleged violator within the period covered by the applicable statute of limitation against whom one or more of the violations alleged in the action was committed."

```
                                              SB  796
                                              Page
  3
```

This bill further would provide that an aggrieved employee who prevails in such an action shall be entitled to an award of reasonable attorney's fees and costs.

This bill further would provide that any penalties recovered in an action by an aggrieved employee shall be distributed as follows: 50 percent to the General Fund, 25 percent to the LWDA for employer education, and 25 percent to the aggrieved employees. (Penalties recovered against a violator who is not an employer, which under this bill could be pursued only by a public prosecutor or the LWDA, would be divided evenly between the General Fund and the LWDA.)

This bill further would provide that nothing in this section shall limit an employee's right to pursue other remedies available under state or federal law.

This bill further would provide that no action may be maintained by an aggrieved employee under this section where the LWDA initiates proceedings against the alleged violator on the same facts and under the same section or sections of the Labor Code.

Background

California's Labor Code is enforced by LWDA and its various boards and departments, which may assess and collect civil penalties for specified violations of the code. Some Labor Code sections also provide for criminal sanctions, which may be obtained through actions by the Attorney General and other public prosecutors.

In 2001, the Assembly Labor and Employment Committee held hearings about the effectiveness and efficiency of the enforcement of wage and hour laws by the State Department of Industrial Relations (DIR), one of four subdivisions of the LWDA. The committee reported that in fiscal year 2001-2002, the Legislature appropriated over $42 million to the State Labor Commission for the enforcement of over 300 laws under its jurisdiction. The DIR's authorized staff numbered over 460, making it the largest state labor law enforcement organization in the country.

SB 796
Page
4

Nevertheless, evidence received by the Senate Judiciary Committee indicated that the DIR was failing to effectively enforce labor law violations. Estimates of the size

California's "underground economy" -- businesses operating outside the state's tax and licensing requirements -- ranged from 60 to 140 billion dollars a year, representing a tax loss to the state of three to six billion dollars annually. Further, a U.S. Department of Labor study of the garment industry in Los Angeles, which employs over 100,000 workers, estimated the existence of over 33,000 serious and ongoing wage violations by the city's garment industry employers, but the DIR was currently issuing fewer than 100 wage citations per year for all industries throughout the state.

As a result of these hearings, the Legislature enacted AB 2985 (Assembly Labor and Employment Committee), Chapter 662, Statutes of 2002, requiring the LWDA to contract with an independent research organization to study the enforcement of wage and hour laws, and to identify state and federal resources that may be utilized to enhance enforcement. The completed study is to be submitted to the Legislature by December 31, 2003.

This bill would propose to augment the LWDA's civil enforcement efforts by allowing employees to sue employers for civil penalties for labor law violations, and to collect attorneys' fees and a portion of the penalties upon prevailing in these actions, as specified.

 Prior legislation

AB 2985 (Assembly Labor and Employment Committee), Chapter 662, Statutes of 2002, requires Labor and Workforce Development Agency to contract with independent research organization to study most effective ways to enforce wage and hour laws, and to identify all available state and federal resources available for enforcement; completed study to be submitted to Legislature by December 31, 2003.

 FISCAL EFFECT  :    Appropriation:  No   Fiscal Com.:  Yes   Local:  No

                                                              SB 796
                                                              Page
_____
5

 SUPPORT  :   (Verified  5/19/03)

California Labor Federation, AFL-CIO (co-source)
California Rural Legal Assistance Foundation, Inc.(co-source)
American Federation of State, County and Municipal
  Employees (AFSCME)
California Applicants Attorneys Association

California Conference Board of the Amalgamated Transit Union
California Council of Machinists
California Independent Public Employees Legislative Council
California State Pipe Trades Council
California State Association of Electrical Workers
California Teamsters
Engineers and Scientists of California, Local 20
Hotel Employees, Restaurant Employees International Union
Peace Officers Research Association of California
Professional and Technical Engineers, Local 21
Protection and Advocacy, Inc.
Region 8 States Council of the United Food and Commercial Workers
Western States Council of Sheet Metal Workers

 OPPOSITION  :    (Verified  5/19/03)

Associated Builders and Contractors of California
Associated General Contractors of California
California Apartment Association
California Chamber of Commerce
California Employment Law Council
California Landscape Contractors Association
California Manufacturers and Technology Association
Civil Justice Association of California (CJAC)
Construction Employers' Association
Motion Picture Association of America
Orange County Business Council

 ARGUMENTS IN SUPPORT  :   Proponents, the California Labor Federation asserts that in the last decade state government labor law enforcement functions have failed to keep pace with the growth of the economy and the workforce. Additionally they note that, resources available to county district attorneys, for prosecution of Labor Code

 SB 796
Page 6

violations as crimes, are similarly lacking.

Proponents contend that the states current inability to enforce labor laws effectively is due to inadequate staffing and to the continued growth of the underground economy.  This inability coupled with the states severe budgetary shortfall requires a creative solution that will help the state crack down on labor law violators.

The California Rural Legal Assistance Foundation cites the resurgence of violations of Labor Code prohibitions against the "company store," as an example of the need for this

bill.  This occurs either when the employee is required to cash his check at a store owned by his employer and the employer charges a fee, or where the employer coerces the employee to purchase goods at that store.  Currently, violations of these code sections are misdemeanors but no civil penalty is attached.  Advocates are unaware of any misdemeanor prosecution having been undertaken in relation to these code sections.

ARGUMENTS IN OPPOSITION  :   Opponents contend that this bill tips the balance of Labor Law protection in disproportionate favor to the employee to the detriment of already overburdened employers.  Opponents cite the fact that employees are entitled to attorneys' fees and costs if they prevail in their actions under this bill, yet the bill fails to provide similar attorneys fees and costs for prevailing employers.  Additionally, opponents cite the fact that there are no requirements imposed upon employees prior to filing civil action such as preliminary claim filing with the Labor Commissioner.  Furthermore, opponents complain that aggrieved employees may file on behalf of a class, but are not required to fulfill class certification requirements.

The California Manufacturers and Technology Association (CMTA) asserts that California has a formal administrative procedure to handle Labor Code violations that is both economical and efficient. According to the CMTA, in many instances the amount in dispute is so small that it would not warrant an employer going to court because the cost of legal representation would be so high.  Finally, the CMTA alleges that, since there is no requirement for the

SB 796
Page
7

employee to exhaust the administrative procedure or even file with the Labor Commissioner the bill is an "invitation for bounty hunting attorneys to aggressively pursue these cases."

NC:sl  5/21/03   Senate Floor Analyses

          SUPPORT/OPPOSITION:  SEE ABOVE

                   **** END ****