AMENDED IN SENATE MAY 12, 2003

AMENDED IN SENATE MAY 1, 2003

AMENDED IN SENATE APRIL 22, 2003

AMENDED IN SENATE MARCH 26, 2003

**SENATE BILL**                              **No. 796**

**Introduced by Senator Dunn**

February 21, 2003

An act to add Part 13 (commencing with Section 2698) to Division 2 of the Labor Code, relating to employment.

LEGISLATIVE COUNSEL'S DIGEST

SB 796, as amended, Dunn. Employment.

Under existing law, the Labor and Workforce Development Agency and its departments, divisions, commissions, boards, agencies, or employees may assess and collect penalties for violations of the Labor Code.

This bill would allow aggrieved employees to bring civil actions to recover these penalties, if the agency or its departments, divisions, commissions, boards, agencies, or employees do not do so. The penalties collected in these actions would be distributed 50% to the General Fund, 25% to the agency for education, to be available for expenditure upon appropriation by the Legislature, and 25% to the aggrieved employee, except that if the person does not employ one or more persons, the penalties would be distributed 50% to the General Fund and 50% to the agency. In addition, the aggrieved employee would be authorized to recover attorney's fees and costs. For any violation of

**SB 796** — 2 —

the code for which no civil penalty is otherwise established, the bill would establish a civil penalty.

Vote: majority. Appropriation: no. Fiscal committee: yes. State-mandated local program: no.

*The people of the State of California do enact as follows:*

1  SECTION 1. The Legislature finds and declares all of the
2  following:
3  (a) Adequate financing of essential labor law enforcement
4  functions is necessary to achieve maximum compliance with state
5  labor laws in the underground economy and to ensure an effective
6  disincentive for employers to engage in unlawful and
7  anticompetitive business practices.
8  (b) Although innovative labor law education programs and
9  self-policing efforts by industry watchdog groups may have some
10 success in educating some employers about their obligations under
11 state labor laws, in other cases the only meaningful deterrent to
12 unlawful conduct is the vigorous assessment and collection of civil
13 penalties as provided in the Labor Code.
14 (c) Staffing levels for state labor law enforcement agencies
15 have, in general, declined over the last decade and are likely to fail
16 to keep up with the growth of the labor market in the future.
17 (d) It is therefore in the public interest to provide that civil
18 penalties for violations of the Labor Code may also be assessed and
19 collected by aggrieved employees acting as private attorneys
20 general, while also ensuring that state labor law enforcement
21 agencies' enforcement actions have primacy over any private
22 enforcement efforts undertaken pursuant to this act.
23 SEC. 2. Part 13 (commencing with Section 2698) is added to
24 Division 2 of the Labor Code, to read:
25
26      PART 13.   THE LABOR CODE PRIVATE ATTORNEYS
27                      GENERAL ACT OF 2004
28
29 2698. This part shall be known and may be cited as the Labor
30 Code Private Attorneys General Act of 2004.
31 2699. (a) Notwithstanding any other provision of law, any
32 provision of this code that provides for a civil penalty to be
33 assessed and collected by the Labor and Workforce Development

1  Agency or any of its departments, divisions, commissions, boards,
2  agencies, or employees, for a violation of this code, may, as an
3  alternative, be recovered through a civil action brought by an
4  aggrieved employee on behalf of himself or herself or other
5  current or former employees.
6     (b) For purposes of this part, "person" has the same meaning
7  as defined in Section 18.
8     (c) For purposes of this part, "aggrieved employee" means any
9  person who was employed by the alleged violator within the period
10 of time covered by the applicable statute of limitations and against
11 whom one or more of the alleged violations was committed.
12    ~~(e)~~
13    *(d)* For all provisions of this code except those for which a civil
14 penalty has already been established, there is established a civil
15 penalty for a violation of these provisions, as follows:
16    (1) If the person does not employ one or more employees, the
17 civil penalty is five hundred dollars ($500).
18    (2) If the person employs one or more employees, the civil
19 penalty is one hundred dollars ($100) for each aggrieved employee
20 per pay period for the initial violation and two hundred dollars
21 ($200) for each aggrieved employee per pay period for each
22 subsequent violation.
23    ~~(d)~~
24    *(e)* An aggrieved employee may recover the civil penalty
25 described in subdivision (b) in a civil action filed on behalf of
26 himself or herself and other current or former employees for whom
27 evidence of a violation was developed during the trial or during
28 settlement of the action. Any employee who prevails in any action
29 shall be entitled to an award of reasonable attorney's fees and
30 costs. Nothing in this section shall operate to limit an employee's
31 right to pursue other remedies available under state or federal law,
32 either separately or concurrently with an action taken under this
33 section.
34    ~~(e)~~
35    *(f)* No action may be maintained under this section by an
36 aggrieved employee if the agency or any of its departments,
37 divisions, commissions, boards, agencies, or employees, on the
38 same facts and theories, cites a person for a violation of the same
39 section or sections of the Labor Code under which the aggrieved
40 employee is attempting to recover a civil penalty on behalf of

**SB 796** — 4 —

1 himself or herself or others and initiates proceedings to collect
2 applicable penalties.
3   ~~(f)~~
4   *(g)* Except as provided in subdivision (g), civil penalties
5 recovered by aggrieved employees shall be distributed as follows:
6 50 percent to the General Fund, 25 percent to the Labor and
7 Workforce Development Agency for education of employers and
8 employees about their rights and responsibilities under this code,
9 available for expenditure upon appropriation by the Legislature,
10 and 25 percent to the aggrieved employees.
11   ~~(g)~~
12   *(h)* Civil penalties recovered under paragraph (1) of
13 subdivision ~~(b)~~ *(d)* shall be distributed as follows: 50 percent to the
14 General Fund and 50 percent to the Labor and Workforce
15 Development Agency available for expenditure upon
16 appropriation by the Legislature.

O