Senate Committee on Labor and Industrial Relations
Richard Alarcon, Chair

Date of Hearing: April 9, 2003        2003-2004 Regular
Session
Consultant: Liberty Reiter Sanchez    Fiscal:Yes
                                      Urgency:No

Bill No: SB 796
Author: Dunn
Amended: March 26, 2003

Subject:  Employment

Purpose:

To establish civil penalties for violations of the Labor
Code and to enable aggrieved employees to maintain a civil
action when the Labor and Workforce Development Agency
(including its departments, divisions, commissions, boards,
agencies or employees) (Agency) does not pursue such an
action.

Analysis:

 (1)Existing law,  authorizes the Labor and Workforce
    Development Agency (comprised of the Department of
    Industrial Relations, the Employment Development
    Department, the Agricultural Labor Relations Board and
    the Workforce Investment Board) to assess and collect
    civil penalties for violations of the Labor Code, where
    specified.

    The Attorney General is authorized to seek appropriate
    injunctive relief and file charges against employers for
    criminal violations of the Labor Code, where specified.

    While many Labor Code sections provide for criminal
    penalties, many sections do not provide for
    corresponding civil penalties.

    Business and Professions Code Section 17200, also known
    as the "Unfair Competition Act" (UCA) authorizes
    aggrieved individuals to act on their own behalf in the
    capacity of "private attorney general" (PAG) when

maintaining a claim against a business for violating the
law or competing unfairly.

Individuals aggrieved by violations of the Labor Code
are not expressly permitted to act in the capacity of
PAG in the filing of civil actions against their
employers.

  (2)This Bill  , entitled the "Labor Code Private Attorneys
  General Act of 2004", has four
components:

  (a)  Authorizes recovery through civil action of civil
    penalties provided for under the Labor Code by
    authorizing aggrieved employees to act as PAG on
    behalf of themselves or others where the Agency does
    not pursue such an action.

  (b)  Establishes civil penalties where the Labor Code is
    silent in the amount of  $100 per employee per pay
    period for the initial violation and $200 per employee
    per pay period for subsequent violations when the
    "person" employs one or more employees and $500 per
    violation where the "person" does not employee one or
    more employees.

  (c)  Provides for a distribution formula as follows for
    penalties collected by an aggrieved individual: 50% to
    the General Fund, 25% to the Agency and 25% to the
    aggrieved employee.

  (d)  Provides for the award of attorneys' fees and costs
    to aggrieved employees who prevail, in whole or in
    part in these civil actions.

Comments:

(3)   "Private Attorney General" (PAG):

_____  When individuals have a right to act in the capacity of
Hearing Date:  April 9, 2003                             SB
796
Consultant: Liberty Reiter Sanchez
                         Page 2

Senate Committee on Labor and Industrial Relations

PAG such individuals are authorized to maintain a claim

on their own behalf or on behalf of others.  To this end,
the individuals may represent themselves or may retain
counsel for such representation.

(4)    Business and Professions Code Section 17200 "Unfair
        Competition Act" (UCA):

_____    Existing law provides for the right to act in the
        capacity of PAG for "unfair competition" cases.  The law
        has been interpreted by the courts to provide broad and
        expansive protections to California's consumers.  The
        law was first enacted in the 1930's to stop businesses
        from using unfair practices to gain advantage over
        competitors.  Based on the underlying premise that such
        anti-competitive behavior creates an unfair playing
        field to the detriment of consumers, the law has since
        been used to protect consumers from instances of unfair,
        unlawful or fraudulent behavior.

        An action under this code section may not be brought by
        an individual in order to vindicate his own interests,
        instead, such action must be brought on behalf of the
        general public.  To that end, even if the individual
        bringing the action was actually harmed by the unfair
        business practice, the individual may not recover
        damages, but instead remedy is limited to injunction and
        restitution.

        Amongst other things, this law has successfully been
        used on behalf of employees in cases where a company was
        found to be ignoring California's overtime laws and
        where an employer's policy of calculating employees'
        wages included deduction of losses for unidentified
        returns.

_____    (5)    Distinction Between Right to Act as Private Attorney
        Hearing Date:  April 9, 2003                          SB
        796
        Consultant: Liberty Reiter Sanchez
                                Page 3

        Senate Committee on Labor and Industrial Relations

        General Under SB 796 and
            The UCA:

_____    This PAG rights afforded individuals under this bill are
        separate and distinct from those afforded individuals

under the UCA. While PAG rights have been interpreted to
have broad applicability under the UCA, the right to act
as a PAG under this bill is available to further the
purposes of protecting the rights of workers under the
Labor Code.  Additionally, unlike the UCA, this bill
entitles an individual to act in the capacity of PAG to
seek remedy of a labor law violation solely because they
have been aggrieved by that violation.  Finally, this
bill provides for a percentage share of penalties to go
directly to the aggrieved worker, unlike the UCA, which
does not entitle an individual claimant to obtain
damages.

_____   (6)   Labor Law Enforcement in an Era of Limited Staff and
_____        Resources:

_____   At issue in this bill is the appropriate role of
employees in protecting their rights under the Labor Code
when the government entity mandated to enforce the Labor
Code is unable to do so due to budgetary and staff
constraints.  Conventional wisdom asserts that more
resources should be put in place and more staff hired if
existing staff and resource allotments are insufficient
to effectuate the mandated duties of the government.
Additional resource dedication as a remedy is, an
impossibility where a budgetary deficit exists.

The bill's intent language states that "adequate
financing of essential labor law enforcement functions is
necessary to achieve maximum compliance with state labor
laws" and that "[s]taffing levels for state labor law
enforcement agencies, have, in general, declined over the
last decade and are likely to fail to keep up with the
growth of the labor market in the future" and that,
accordingly, "[i]t is therefore in the public interest to

Hearing Date:  April 9, 2003                              SB
796
Consultant: Liberty Reiter Sanchez
                              Page 4

Senate Committee on Labor and Industrial Relations

provide that civil penalties for violation of the Labor
Code may also be assessed and collected by aggrieved
employees acting as private attorneys general."

Arguably, in a perfect world, there would be no need for
the right to act as PAG, yet the fact remains that due to
continuing budgetary and staffing constraints, full,
appropriate and adequate Labor Code enforcement is
unrealizable if done solely by the Agency.

(7)    Staff Comments :

(a) The term "person" is defined for the general purposes
    of the Labor Code to mean any "person, association,
    organization, partnership, business trust, limited
    liability company or corporation."  The term "person"
    has a different definition for application in the
    "Garment Manufacturing" Part of the Labor Code.  That
    Part of the Labor Code is in the same Division of the
    Labor Code, entitled "Employment Regulation and
    Supervision," in which this bill, if enacted, would be
    located.  The term "person" is used throughout the
    Labor Code, often interchangeably with the term
    "employer," but when the term "person" is used, it is
    interpreted to provide a more expansive and
    comprehensive applicability than the term "employer."
    Additionally, often when the term "person" is used it
    is used in conjunction with the phrase "or officer or
    agent thereof," to provide even broader applicability.
    As the author is creating a new titled Part to the
    Labor Code, the author may wish to add a definition of
    "person" specifically applicable to that Part of the
    Labor Code.

(b) The bill specifies a formula for distribution of
    civil awards where an aggrieved employee has prevailed
    against a "person employing one or more employees,"
    yet the bill provides no formula for instances where
    the Agency has prevailed against a person who does not
    employ one or more employees.  The author may wish to

Hearing Date:  April 9, 2003                                SB
796
Consultant: Liberty Reiter Sanchez
                        Page 5

Senate Committee on Labor and Industrial Relations

    specify whether such collected penalties should go to
    the General Fund, the Agency or elsewhere.

(c) The bill specifies that an action, may not be
    maintained by an aggrieved employee, if the Agency
    cites a person and initiates proceedings for a
    violation of the code on the same facts and theories.
    The author may wish to amend the bill to clarify that
    this prohibition would only be applicable if the
    Agency proceeded under the "same labor code section or
    sections under which the aggrieved employee is
    attempting to recover a civil penalty on behalf of
    himself or herself or others."  Ostensibly, without

this clarification an aggrieved employee might be
inadvertently precluded from maintaining an action
under a different Labor Code section violation which
the Agency has declined to pursue, but where the basis
of such action relies on the same facts and theories
as the action which the Agency is pursuing.


 (8)Dual Referral:


_____ If passed by this committee, this measure will be
re-referred to the Senate Committee on Judiciary.


1. _Proponents_ , the California Labor Federation asserts that
   in the last decade state government labor law enforcement
   functions have failed to keep pace with the growth of the
   economy and the workforce.  Additionally they note that,
   resources available to county district attorneys, for
   prosecution of Labor Code violations as crimes, are
   similarly lacking.

   Proponents contend that the states current inability to
   enforce labor laws effectively is due to inadequate
   staffing and to the continued growth of the underground
   economy.  This inability coupled with the states severe
   budgetary shortfall requires a creative solution that
   will help the state crack down on labor law violators.
Hearing Date:  April 9, 2003                                 SB
796
Consultant: Liberty Reiter Sanchez
                         Page 6

Senate Committee on Labor and Industrial Relations


   The California Rural Legal Assistance Foundation cites
   the resurgence of violations of Labor Code prohibitions
   against the "company store," as an example of the need
   for this bill.  This occurs either when the employee is
   required to cash his check at a store owned by his
   employer and the employer charges a fee, or where the
   employer coerces the employee to purchase goods at that
   store.  Currently, violations of these code sections are
   misdemeanors but no civil penalty is attached.  Advocates
   are unaware of any misdemeanor prosecution having been
   undertaken in relation to these code sections.

2. _Opponents_ , contend that this bill tips the balance of
   Labor Law protection in disproportionate favor to the
   employee to the detriment of already overburdened
   employers.  Opponents cite the fact that employees are

entitled to attorneys' fees and costs if they prevail in
their actions under this bill, yet the bill fails to
provide similar attorneys fees and costs for prevailing
employers.  Additionally, opponents cite the fact that
there are no requirements imposed upon employees prior to
filing civil action such as preliminary claim filing with
the Labor Commissioner.  Furthermore, opponents complain
that aggrieved employees may file on behalf of a class,
but are not required to fulfill class certification
requirements.

The California Manufacturers and Technology Association
(CMTA) asserts that California has a formal
administrative procedure to handle Labor Code violations
that is both economical and efficient. According to the
CMTA, in many instances the amount in dispute is so small
that it would not warrant an employer going to court
because the cost of legal representation would be so
high.  Finally, the CMTA alleges that, since there is no
requirement for the employee to exhaust the
administrative procedure or even file with the Labor
Commissioner the bill is an "invitation for bounty
hunting attorneys to aggressively pursue these cases."
Hearing Date:  April 9, 2003                            SB
796
Consultant: Liberty Reiter Sanchez
                          Page 7

Senate Committee on Labor and Industrial Relations

Support:
American Federation of State, County, and Municipal
Employees
California Applicants' Attorneys Association
California Conference Board of the Amalgamated Transit
Union
California Conference of Machinists
California Independent Public Employees Legislative Council
California Labor Federation, AFL-CIO
California Rural Legal Assistance Foundation
California State Association of Electrical Workers
California State Pipe Trades Council
California Teamsters Public Affairs Council
Consumer Attorneys of California
Engineers and Scientist of California, IFPTE Local 20,
AFL-CIO
Hotel Employees & Restaurant Employees International Union
Professional and Technical Engineers, IFPTE Local 21,
AFL-CIO
Region 8 States Council of the United Food & Commercial

Workers
Western States Council of Sheet Metal Workers

Opposition:
Associated General Contractors of California and the AGC,
  San Diego Chapter
California Employment Law Council
California Manufacturers and Technology Association
California Chamber of Commerce
Civil Justice Association of California

Hearing Date:  April 9, 2003                              SB
796
Consultant: Liberty Reiter Sanchez
                          Page 8

Senate Committee on Labor and Industrial Relations