Case 3:07-cv-04482-JL    Document 33-5    Filed 07/14/2008    Page 1 of 5

**Senate Bill No. 796**

CHAPTER 906

An act to add Part 13 (commencing with Section 2698) to Division 2 of the Labor Code, relating to employment.

[Approved by Governor October 12, 2003. Filed with Secretary of State October 12, 2003.]

LEGISLATIVE COUNSEL'S DIGEST

SB 796, Dunn.   Employment.

Under existing law, the Labor and Workforce Development Agency and its departments, divisions, commissions, boards, agencies, or employees may assess and collect penalties for violations of the Labor Code.

This bill would allow aggrieved employees to bring civil actions to recover these penalties, if the agency or its departments, divisions, commissions, boards, agencies, or employees do not do so. The penalties collected in these actions would be distributed 50% to the General Fund, 25% to the agency for education, to be available for expenditure upon appropriation by the Legislature, and 25% to the aggrieved employee, except that if the person does not employ one or more persons, the penalties would be distributed 50% to the General Fund and 50% to the agency. In addition, the aggrieved employee would be authorized to recover attorney's fees and costs and, in some cases, penalties. For any violation of the code for which no civil penalty is otherwise established, the bill would establish a civil penalty, but no penalty is established for any failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees.

Existing law provides an exclusive remedy under workers' compensation for an employer's liability for compensation for an employee's injury or death arising in the course of employment.

This bill would not affect that exclusive remedy.

*The people of the State of California do enact as follows:*

SECTION 1.   The Legislature finds and declares all of the following:

(a)  Adequate financing of essential labor law enforcement functions is necessary to achieve maximum compliance with state labor laws in the underground economy and to ensure an effective disincentive for employers to engage in unlawful and anticompetitive business practices.

Ch. 906 — 2 —

(b) Although innovative labor law education programs and self-policing efforts by industry watchdog groups may have some success in educating some employers about their obligations under state labor laws, in other cases the only meaningful deterrent to unlawful conduct is the vigorous assessment and collection of civil penalties as provided in the Labor Code.

(c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future.

(d) It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general, while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act.

SEC. 2. Part 13 (commencing with Section 2698) is added to Division 2 of the Labor Code, to read:

PART 13. THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

2698. This part shall be known and may be cited as the Labor Code Private Attorneys General Act of 2004.

2699. (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

(b) For purposes of this part, "person" has the same meaning as defined in Section 18.

(c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

(d) For purposes of this part, whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

(e) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:

— 3 —                                                          Ch. 906

(1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500).

(2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

(3) If the alleged violation is a failure to act by the Labor and Workplace Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, there shall be no civil penalty.

(f) An aggrieved employee may recover the civil penalty described in subdivision (e) in a civil action filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this section shall operate to limit an employee's right to pursue other remedies available under state or federal law, either separately or concurrently with an action taken under this section.

(g) No action may be maintained under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

(h) Except as provided in subdivision (i), civil penalties recovered by aggrieved employees shall be distributed as follows: 50 percent to the General Fund, 25 percent to the Labor and Workforce Development Agency for education of employers and employees about their rights and responsibilities under this code, available for expenditure upon appropriation by the Legislature, and 25 percent to the aggrieved employees.

(i) Civil penalties recovered under paragraph (1) of subdivision (e) shall be distributed as follows: 50 percent to the General Fund and 50 percent to the Labor and Workforce Development Agency available for expenditure upon appropriation by the Legislature.

(j) Nothing contained in this part is intended to alter or otherwise affect the exclusive remedy provided by the workers' compensation provisions of this code for liability against an employer for the

compensation for any injury to or death of an employee arising out of and in the course of employment.

O

90