UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bao Yi Yang, et al., | No. C 07-4482    JL |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOCKET # 21)** |
| Shanghai Gourmet, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiffs' Motion for Leave to File First Amended Complaint came on for hearing before this court on July 2, 2008. Attorney Adam Wang appeared for Plaintiffs. Attorney John Gregory Downing appeared for Defendants. At the hearing, this Court ordered the parties to file supplemental briefs on the issue of whether a representative claim pursuant to California Labor Code §§ 558 and 2699 would constitute a class action and thus require class certification. The matter having been considered, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs may file a First Amended Complaint adding Xu Liang Shen and Bo Juan Liu as named Defendants and adding causes of action pursuant to California Civil Code §§ 3439.04 and 3439.05. Plaintiffs' motion to for leave to

add a representative claim pursuant to California Labor Code §§ 558 and 2699 is denied without prejudice.

## BACKGROUND

This Court has jurisdiction to rule on Plaintiffs' motion to amend pursuant to 28 U.S.C. § 636(c). All parties consented to this Court for all proceedings, including trial, pursuant to 28 U.S.C. § 636(c).

Plaintiffs filed their initial complaint in this court on August 29, 2007. They allege that, during the course of Plaintiffs' employment at Shanghai Gourmet, Defendants failed to pay hourly and overtime wages owed to Plaintiffs. In their original complaint, Plaintiffs allege violations of California Labor Code §§ 201, 226, 226.7, 510, and 1197, as well as violation of the California Business and Professions Code § 17200 and the Federal Fair Labor Standards Act. Defendants filed their answer to the complaint on November 6, 2007. At a Case Management Conference held on December 12, 2007, the court ordered the case referred to ADR for mediation. Also at that conference, the court set the discovery cut-off for September 3, 2008.

Plaintiffs filed this first motion for leave to amend on May 17, 2008. In the proposed amendment, Plaintiffs seek to add causes of action pursuant to the California Civil Code §§ 3439.04 and 3439.05 (fraudulent conveyance) and the California Labor Code §§ 558 (civil penalties) and 2699 (private attorney general cause of action for class actions, or "PAGA"). Plaintiffs' proposed amendment also seeks to add Xu Liang Shen and Bo Juan Liu as named defendants. Defendants filed opposition to Plaintiffs' motion on June 18, 2008.

## STANDARD OF REVIEW

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Although Rule 15(a)(2) is to be liberally applied, *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079, (9th Cir. 1990), a court may deny leave to amend upon finding that the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006); *See also Foman v. Davis,* 371 U.S.

178, 182 (1962). However, the court's determination should be made "with all inferences in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## ANALYSIS

**1. Plaintiffs' motion for leave to add Xu Liang Shen and Bo Juan Liu as Defendants in first amended complaint is granted.**

Plaintiffs' five month delay in seeking to add Xu Liang Shen and Bo Juan Liu as named Defendants is not grounds for denial of the motion to grant leave to amend. A delay designed to create additional litigation expenses for the opposing party is evidence of bad faith. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Here Plaintiffs waited five months after learning the identity of Xu Liang Shen and Bo Juan Liu, to file the instant motion. Plaintiffs did not offer an explanation for this delay. Still, a failure to explain a delay in filing does not necessarily establish bad faith and cannot by itself constitute an adequate basis for denying leave to amend. *Howey v. U.S.*, 481 F.2d 1187, 1191 (9th Cir. 1973). There is no other evidence to suggest that Plaintiffs, in filing this motion, sought to force Defendants to incur additional litigation expenses.

Defendants rely on *AmerisourceBergen Corp.*, 465 F.3d at 953, for their argument that "unexplained delay, alone or in conjunction with prejudice, can provide a basis for denial." The court in *AmerisourceBergen*, however, did not isolate unexplained delay as sufficient by itself to justify denying leave to amend. *See id*. Rather, the court there also found undue prejudice to the opposing party in the form of "potentially high, additional litigation costs . . . that could easily have been avoided." *Id*. Moreover, undue delay was found in *AmerisourceBergen* where the moving party had the information it needed at the time of its original pleading but, without a satisfactory explanation, waited until the litigation had gone on for twelve months before filing a motion to amend. *Id*. Whether the moving party knew, or should have known, the facts and theories raised by the amendment in the original pleading is a relevant consideration in evaluating undue delay. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Here, although Plaintiffs waited five months

after learning the identities of Xu Liang Shen and Bo Juan Liu to file this motion, that information was not available to them at the time of the original complaint.

**2. Plaintiffs' motion for leave to add fraudulent conveyance causes of action pursuant to California Civil Code §§ 3439.04 and 3439.05 is granted.**

Plaintiffs may state a claim for relief based on alleged violations of California Civil Code §§ 3439.04 and 3439.05. If a complaint so amended would state a claim for relief, then the amendment is not futile. *See Simons v. U.S.*, 497 F.2d 1046, 1049 (9th Cir. 1974).

Defendants argue that "it is difficult to understand how [Defendants' alleged actions] would form the basis for a fraudulent conveyance cause of action under California Civil Code §§ 3439.04 and 3439.05." (Opposition to Motion to Amend Complaint ("Opp.") at 5). Determining whether a transfer is fraudulent, however, is a question of fact. CAL. CIV. CODE § 1574 (2007); *Jackson v. Burke*, 124 Cal. App. 2d 519, 526 (Cal. Ct. App. 1954).

Plaintiffs allege that Xu Liang Shen and Bo Juan Liu fraudulently transferred cash from the cash register at Shanghai Gourmet restaurant, diverting it to their personal use, and leaving Defendant Shanghai Gourmet unable to meet its obligations to pay wages owed to employees. (Motion for Leave to Amend Complaint ("Mot.") at 9-10). Accordingly, Plaintiffs state a claim for relief under § 3439.04. The statute states: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred." CAL. CIV. CODE § 3439.04. The Code also defines a "claim" as "a right to payment," "creditor" as "a person who has a claim," and "debtor" as "a person who is liable on a claim." CAL. CIV. CODE § 3439.01. For the purposes of the amended complaint, Plaintiffs here are creditors, and Defendants are debtors, as defined by § 3439.

Plaintiffs also state a claim for relief under § 3439.05. According to that statute, "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the . . . debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or

obligation. CAL. CIV. CODE § 3439.05. In the proposed amended complaint, Plaintiffs allege that Defendants' actions rendered Defendant Shanghai Gourmet insolvent. (Mot. at 10). Accordingly, since Plaintiffs state valid claims for relief under California law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, this part of Plaintiffs' motion is granted.

**3. Plaintiffs' motion for leave to add PAGA cause of action pursuant to California Labor Code §§ 558 and 2699 is denied without prejudice.**

The issue of whether California Labor Code § 2699 requires class certification for representative claims is pending review before the Supreme Court of California. 67 Cal. Rptr. 3d 460 (No. S155965). California Labor Code § 2699 (PAGA) provides:

> "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

In *Arias v. Superior Court*, the California state court of appeal held that PAGA representative actions do not require class certification. 63 Cal. Rptr. 3d 277, 273 (Cal. Ct. App. 2007). The court of appeal's decision in *Arias*, however, has been de-published and superseded by the Supreme Court of California, which granted review of the decision, on October 10, 2007. 67 Cal. Rptr. 3d 460 (No. S155965).

A decision by the Supreme Court of California on the issue of class certification of representative PAGA claims will determine whether Plaintiffs in the instant action will have to follow class certification procedures in adding "all current and former employees" of Defendant Shanghai Gourmet in the amended complaint. Accordingly, this part of Plaintiffs' motion is denied without prejudice to renewal after the Supreme Court of California reaches its decision.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend the complaint is **GRANTED** as to the adding of Xu Liang Shen and Bo Juan Liu as named Defendants and to claims for alleged violations pursuant to California Civil Code §§ 3439.04 and 3439.05. The motion is **DENIED WITHOUT PREJUDICE** as to causes of action pursuant to California Labor Code §§ 558 and 2699.

**IT IS SO ORDERED.**

DATED: July 22, 2008

_____
James Larson
Chief Magistrate Judge