ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG XIAN FU | Case No.: C07-04482 JL |
| Plaintiffs, | **NOTICE OF PLAINTIFF'S MOTION TO FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| vs. | |
| SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, and DOES 1-10 | |
| Defendants | **Date:        September 9, 2008**<br>**Time:        9:30 AM**<br>**Judge:        Honorable James Larson**<br>**Trial Date:  None** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

THE NOTICE IS HEREBY GIVEN that on September 9, 2008 at 9:30 a.m., Plaintiffs will

move for the leave to file the Second Amended Complaint to allege civil penalties under

California Labor Code § 558 on behalf of Plaintiffs themselves pursuant to Labor Code Private

Attorney General's Act, California Labor Code § 2699, *et seq.* ("PAGA").[1]

This motion is supported by the Memorandum of Points and Authorities in Support of

Plaintiffs' Motion for Leave to File A Second Amended Complaint, the Declaration of Adam

Wang in support thereof, the other records, pleadings, and papers filed in this action; and upon

---

[1] The Proposed Second Amended Complaint is attached hereto as Exhibit 1.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**Yang, et al v. Shanghai Gourmet, LLC, et al.**

1  such other documentary and oral evidence or argument as may be presented to the Court at the

2  hearing of this motion.

3

4                    **MEMORANDUM OF POINTS AND AUTHORITIES**

5  **I.      INTRODUCTION**

6          Plaintiffs Bao Yi Yang, Wei Wang, and Liang Xian Fu were employed by Defendant

7  Shanghai Gourmet LLC who operated popular Chinese restaurants in Richmond and Walnut

8  Creek California. During the four years prior to their filing of the Complaint,  Plaintiffs were

9  required to work in excess of 8 hours a day and 40 hours a week on regular basis, but were not

10  paid required overtime wage.  In the current Complaint, Plaintiffs allege violations of California

11  Labor Code and Fair Labor Standards Act ("FLSA"), seeking unpaid overtime and associated

12  penalties.

13          In the current First Amended Complaint ("FAC"), Plaintiffs name Shanghai Gourmet

14  LLC, and its owners—Xu Liang Shen and Bo Juan Liu.  Plaintiffs allege individual Defendants

15  are liable for FLSA liabilities because they were employers of the Plaintiffs having control over

16  Plaintiffs' work condition and work situation. See FAC, ¶ 4.  As additional theories to hold

17  individuals liable, the FAC also alleges (i) piercing corporate veil, see FAC, at ¶ 9; and (ii)

18  fraudulent conveyance, see FAC, at ¶ ¶ 44-47.

19          This motion seeks to add an additional cause of action for civil penalties and unpaid

20  wages under California Labor Code § 558 on behalf themselves against Defendant Shanghai

21  Gourmet LLC as well as individual Defendants Xu Liang Shen and Bo Juan Liu "as persons

22  acting on behalf the employer."[2] This new cause of action serves as an additional theory to hold

23  individual defendants liable for damages under California Labor Code. While individual

24  defendants are liable for unpaid overtime under FLSA, due to the different rules in calculating

25  FLSA overtime and overtime under California Labor Code, particularly when an employee was

---

[2] See California Labor Code § 558.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

paid a fixed sum of salary, like the case here, and worked substantial overtime, California Labor Code entitles employee to recover substantial more overtime than the FLSA. See <u>Espinoza v. Classic Pizza Inc.</u>, 114 Cal.App.4th 968 (2003).  As such, the new cause of action for civil penalty under California Labor Code § 558 would allow Plaintiffs to recover the full amount for their unpaid overtime afforded by California law against individual Defendants without having to prevail on difficult causes of action such as piercing corporate veil and fraudulent conveyance.

## II.    ARGUMENTS

### A.    RULE 15 IS LIBERALLY APPLIED

"Rule 15's policy favoring amendments to pleadings should be applied with 'extreme liberality.'" <u>DCD Programs, Ltd. v. Leihgton</u>, 833 F.2d 183, 186 (9th Cir. 1987). The underlying purpose of Rule 15 is to "facilitate decision on the merits rather than on the pleadings or technicalities." <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 628 (9th Cir. 1991). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." <u>State of Cal. ex rel. Mueller v. Walgreen Corp.</u>, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citing <u>Shipner v. Eastern Air Lines, Inc.</u>, 868 F.2d 401, 407 (11th Cir. 1989)). "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." <u>Shipner</u>, 868 F.2d at 407.

As discussed below, because the addition of new cause of action would not add new facts to the litigation,  the proposed amendment will not prejudice the Defendants in any conceivable way.  Accordingly, no substantial reason exists to deny leave to amend.

### B.    INDIVIDUAL DEFENDANTS ARE LIABLE UNDER CALIFORNIA LABOR CODE § 558

Under California Labor Code § 558, the employer and the person acting on behalf of the employer are liable for the unpaid wage and unpaid meal premiums collected as civil penalties

---

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

Case No.    C07-04482JL

pursuant thereto[3].  In the discovery, Defendants have admitted that individual Defendants Xu

Liang Shen ("Shen") and Bo Juan Liu ("Liu") jointly owned 100% of the corporate Defendant

who employed Plaintiffs; and that Shen acted on behalf of CCL in hiring, supervising, paying

Plaintiffs.  Defendants also admitted that Shen was responsible for tracking the number of hours

worked by Plaintiffs, and also responsible for calculating the amount of wage due Plaintiffs.

See Wang Decl., at ¶ 4.  As such, Defendant Shen was acting on behalf of Plaintiffs' employer

Shanghai Gourmet LLC, and is thus liable for unpaid wages pursued as civil penalties under

California Labor Code § 558, enforced through Private Attorney General's Act, Cal Lab. Code §

2269, *et seq.* <u>See</u>  <u>Reynolds v. Bement</u>, 36 Cal. 4th 1075, at 1094 (2005) (conc. opn. of Moreno,

J.).

**D.  PLAINTIFFS HAVE SATISFIED THE REQUIREMENTS OF CALIFORNIA LABOR CODE § 2699.3**

California Labor Code § 558 provides for recovery as civil penalty the unpaid wage and.

California Labor Code § 2699 provides that "any provision …. for a civil penalty to be

assessed ……, may … be recovered through a civil action brought by an aggrieved employee

on behalf of himself or herself and other current or former employees pursuant to the procedures

specified in Section 2699.3."  § 2699.3(c) provides that an action under § 558 by an aggrieved

employee may be commenced if the employee gave a written notice by certified mail to

---

[3] Labor Code § 558 provides: "Any employer *or other person acting on behalf of an employer* who violates, or causes to be violated, .… any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

   (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages…."(emphasis added)

California Labor and Workforce Development Agency ("CLWDA") and the employer specifying the section the employer allegedly had violated, and the facts and theories supporting the alleged violation; and the employer failed to cure the violation within 33 days of the written notice by the employee.

Plaintiffs have sent a written notice by certified mail to both CLWDA and Defendants Shanghai Gourmet LLC.   Defendant  Shanghai Gourmet LLC has not cured its violations within 33 days of such notice.  CLWDA has also issued a letter indicating that it does not intend to investigate into the alleged violations by Defendants.  As such, Plaintiffs may commence civil action on behalf of themselves and all former and current employees against Defendants pursuant to California Labor Code § 558. See Wang Decl., at ¶ ¶ 2-3.

### E.  DEFENDANTS CANNOT PROVE THAT THE PROPOSED AMENDMENTS ARE FUTILE

In light of the strong policy favoring leave to amend under Rule 15, absent showing that the amendments sought would be futile, there is no reason that Plaintiffs should not be granted leave to amend.  <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999).  As defendants are unable to make such a showing, the Court should allow Plaintiffs to file the proposed SAC.

### F.  PLAINTIFFS' PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS IN THIS CASE

Plaintiffs' proposed amendment will not prejudice Defendants in this case.  As stated above, the proposed amendment only adds the cause of action to hold individual Defendants individually liable for unpaid wages under California Labor Code § 558 pursued as civil penalties.  This cause of action will base on the same facts underlying the claims for unpaid wages already alleged in the existing complaints. Parties have conducted written discoveries; and such discoveries have revealed that Defendant Shen had acted on behalf of Plaintiffs' employer Shanghai Gourmet LLC.  As such, the proposed amendments will not require more resources in litigating matters unrelated from the causes of actions already alleged in the current pleadings.

1    Furthermore, the current Complaints surround around the Defendants' overtime

2  violations.  The proposed amendment seeking unpaid overtime wages for themselves will not

3  change the operative facts alleged in current Complaint.  As such, Defendants' ability to preserve

4  documents and witness testimony, and prepare the case for trial will not be prejudiced one bit.

5  See Sierra Club v. Penfold, 857 F.2d 1307, 1315 (9th Cir. 1988) (recognizing that "once the

6  defendant is in court on a claim arising out of a particular transaction or set of facts, he is not

7  prejudiced if another claim, arising out of the same facts, is added").

8  **III.    CONCLUSION**

9    For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs'

10  motion for leave to file the proposed Second Amended Complaint.

11

12

13   Dated: August 1, 2008                                    Adam Wang

                                                      Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

---

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
<u>Yang, et al v. Shanghai Gourmet, LLC, et al.</u>

Case No.    C07-04482JL