ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| BAO YI YANG, WEI WANG, AND LIANG XIAN FU<br><br><br>Plaintiffs,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET, XU LIANG SHEN, BO JUAN LIU, and DOES 1-10<br><br><br>Defendants | Case No.: C07-04482 JL<br><br>**[PROPOSED] AMENDED COMPLAINT FOR DAMAGE**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3) Failure to Provide Meal Period in Violation of Labor Code §226.7; 4) "Waiting Time" Penalties under California Labor Code §203; 5) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203; 6) Fraudulent Conveyance under Civil Code § 3439.04 and 3439.05; and 7). Private Attorney General's Act under Labor Code § 2699 & 558. |

Plaintiffs, BAO YI YANG ("YI"), WEI WANG ("WANG"), AND LIANG XIAN FU ("FU"), for their complaint, allege as follows:

**NATURE OF CLAIM**

1.      This is a complaint by former employees against their ex-employer, Defendants SHANGHAI GOURMET, LLC dba SHANGHAI GOURMET ("SHANGHAI GOURMET") for damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. The Plaintiffs seek compensatory damages for unpaid wages in addition to liquidated damages under Title 29 U.S.C. § 216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods,

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

waiting time penalties under California Labor Code §§ 203, and attorney's fees, costs, and pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b). Plaintiffs also seek restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

### PARTIES

2.      At all times relevant herein, Plaintiffs BAO YI YANG, WEI WANG, AND LIANG-XIAN FU were individuals resident of Alameda and Contra Costa Counties, California, and were employees of Defendants SHANGHAI GOURMET

3.      At all times relevant herein, Plaintiff FU was an employees of defendant SHANGHAI GOURMET.

4.      Defendant SHANGHAI GOURMET, LLC is a California corporation doing business under a fictitious name SHANGHAI GOURMET in Walnut Creek, California. According to information and belief, individual defendants XU LIANG SHEN and BO JUAN LIU, are officers, owners or employees of SHANGHAI GOURMET having control over the Plaintiffs' work conditions and work situations, and some are sued fictitiously because their identities are not yet known to the Plaintiffs.

### GENERAL ALLEGATIONS

5.      At all times relevant herein, Plaintiffs were employees of Defendant SHANGHAI GOURMET, a restaurant doing business in Contra Costa County, California.

6.      During the course of Plaintiffs' employment with SHANGHAI GOURMET, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

7.      Plaintiffs were paid on a salary basis.

8.      Plaintiffs did not perform "exempt" duties in their positions as cooks with SHANGHAI GOURMET and thus were not subject to any exemption under the Fair Labor Standards Act and California Labor Code.

9.      Individual Defendants XU LIANG SHEN and BO JUAN LIU are liable for the acts of SHANGHAI GOURMET as the alter egos of SHANGHAI GOURME. Recognition of

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled SHANGHAI GOURMET.   Plaintiffs are informed and believe, and thereon al1ege, that Defendants XU LIANG SHEN and BO JUAN LIU, have:

     a.   Commingled funds and other assets of SHANGHAI GOURMET and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

     b.   Diverted funds and other assets of SHANGHAI GOURMET to other than corporate uses;

     c.   Treated the assets of the SHANGHAI GOURMET as their own;

     d.   Failed to obtain authority to issue shares or to subscribe to issue shares of SHANGHAI GOURMET;

     e.   Failed to maintain minutes or adequate corporate records of SHANGHAI GOURMET;

     f.   Failed to adequately capitalize or provide any assets to SHANGHAI GOURMET, LLC; and

     g.   Diverted assets from SHANGHAI GOURMET to themselves to the detriment of creditors, including Plaintiffs and other employees.

## COUNT ONE

*Violation of California Labor Code, Non Payment Of Overtime*

*Labor Code §510*

    10.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-9 as if fully stated herein.

    11.    At all relevant times herein, Plaintiffs' employment was subject to California Labor Code §§ 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code § 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day,

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**
3    Case No. C07-4482 JL

unless specifically exempted by the law.

12.    During their employment with the Defendants, although Plaintiffs regularly worked in excess of forty hours per week and in excess of eight hours per day, Plaintiffs received only straight time from Defendants for these overtime hours.

13.    During the period that Plaintiffs were employed with Defendants, Defendants knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying Plaintiffs one and one half, or double of Plaintiffs' regular rate of pay.

14.    By not paying overtime wages in compliance with the state law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code § 1194.

15.    As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiffs incurred general damages in the form of lost overtime wages in the amount to be proved at trial.

16.    Defendants had been aware of the existence and requirements of the California Labor Code §§ 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due to them at the time their employment ended.

17.    Plaintiffs were required to retain attorneys for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code § 1194(a).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT TWO

*Violation of the Fair Labor Standards Ac,*

*29 U.S. C. §201, et seq.*

18.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-17 as if fully stated herein.

19.    At all relevant times herein, Plaintiffs' employment was subject to the provisions

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and the Plaintiffs were individual employees covered by virtue of their direct engagement in interstate commerce or in production of goods for commerce or by their employment with Defendants, who were, at all times relevant, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s).

20.    FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

21.    Although Plaintiffs were not so exempt during their employment with Defendants, Defendants knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rates of pay.

22.    By not paying overtime wages in compliance with FLSA, Defendants violated Plaintiffs' rights under FLSA.

23.    As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

24.    Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper pay, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA.

25.    Plaintiffs were required to retain attorneys for bringing this action and are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA equal to their respective lost overtime wages.

WHEREFORE,    Plaintiffs    pray    for    judgment    as    set    forth    below.

**COUNT THREE**

*Failure to Provide Meal/Rest Periods*
*California Labor Code § 226.7*

26.     Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-25 as if fully restated hereinafter.

27.     At all relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees a ten minute rest period for every four hours worked and a thirty-minute meal break for every five hours worked, unless expressly exempted.

28.     During their employment with Defendants Plaintiffs worked at least 10 hours a day, and were not provided any rest/meal periods as required by law.

29.      For each time that Plaintiffs were not provided the required rest or meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

30.     Plaintiffs are therefore entitled to payment, in an amount to be proved at trial, with Defendants liable for an extra hour of pay for each meal and/or rest period missed by Plaintiffs.

31.     Plaintiffs are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code section 218.5, and interest pursuant to California Labor Code section 218.6.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

**COUNT FOUR**

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code § 203*

32.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-31 as if fully stated herein.

33.     At the time Plaintiffs' employment with Defendants terminated, Defendants owed Plaintiffs in certain unpaid overtime wages.

34.     Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code § 203, up to 30 days of wages.

35.     As of this date these wages have not been paid, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages in an amount to be proved at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT FIVE
*For Restitution of Unpaid Overtime Wages*
*in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

36.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-35 as if fully stated herein.

37.     At all times relevant herein, Plaintiffs' employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.

38.     At all times relevant herein, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

39.     During the period Plaintiffs were employed with the Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled from Defendants, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

40.     By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

41.     As a direct and proximate result of Defendants' failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages to which they were legally entitled.

42.     Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

43.     Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT SIX

*Fraudulent Conveyance*

*Civil Code § 3439.04 & § 3439.05*

44.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

45.     According to information and belief, Defendant SHANGHAI GOURMET had received substantial amount of cash proceeds in the course of restaurant business over years since the inception of Defendant SHANGHAI GOURMET.  Instead of counting such cash receipts as its corporate assets and entering such cash receipts on its corporate books, Defendant SHANGHAI GOURMET had allowed and permitted and continues to allow and permit

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

Defendants XU LIANG SHEN and BO JUAN LIU to take such cash proceeds directly from cash register, and diverted such corporate assets to their personal use without requiring them to pay adequate consideration.

46.    Such siphoning of corporate funds had rendered Defendant SHANGHAI GOURMET insolvent in that Defendant Shanghai Gourmet was left without sufficient funds to meet its obligation for wages owed to its employees .  As such, the diversion of cash proceeds from Defendant SHANGHAI GOURMET constitutes fraudulent conveyance under California Civil Code § § 3439.04 and 3439.05.

47.    Therefore, Plaintiffs are entitled to judgment recovering cash amounts diverted from Defendant SHANGHAI GOURMET to Defendants XU LIANG SHEN and BO JUAN LIU.

**COUNT SEVEN**
*Civil Penalty under Labor Code § 558*
*Labor Code § 2699, et seq.*

48.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-43 as if fully stated herein.

49.    Defendants a SHANGHAI GOURMET, XU LIANG SHEN, and BO JUAN LIU at all times relevant herein are and were subject to California Labor Code §558. California Labor Code § 558 authorizes to recover as civil penalties for unpaid wages to employees, and fines of $50 for each unpaid employee for each pay period for the initial violation and $100 for each unpaid employee for each pay period for any subsequent violations.

50.    By failing to pay Plaintiffs overtime due and meal and rest period premiums as alleged herein, Defendants are liable to Plaintiffs for penalties prescribed under Labor Code § 558.

51.    Pursuant to California Labor Code § 2699.3(a)(1), Plaintiffs had given written notice by certified mail to California Labor and Workforce Development Agency and

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

Defendants, alleging the violations of California Labor Code §510 in refusing to pay overtime due, including the facts and theories that support the alleged violations.

52.    California Labor and Workforce Development Agency and Defendants issued a letter indicating that the agency does not intend to investigate into the alleged violations by Defendants.

53.    Having satisfied the requirements of California Labor Code § 2699.3(a), pursuant to California Labor Code § 2699, Plaintiffs hereby seek all unpaid wages owed and penalties provided by California Labor Code § 558 for the violations alleged herein in respective amounts to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray judgment against the defendants and demand as follows:

1. For compensatory damages in unpaid overtime wages;

2. For liquidated damages equal to unpaid overtime wages owed;

3.  For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §§ 1194(a) & 218.5.

4.  For additional wages for failure to provide required meal/rest periods as required by California law together with prejudgment interest of 10% per annum pursuant to California Labor Code § & 218.6;

5.  For waiting time penalty damages of thirty days wages pursuant to California Labor Code § 203;

6.    For unpaid overtime and unpaid meal and rest period premiums and other civil penalties authorized under Labor Code § 558;

6.  For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203;

7. For reasonable attorney's fees pursuant to California Labor Code §1194(a), California Labor Code § 2699(g) and 29 U.S.C. §216(b) of the FLSA.

**FIRST AMENDED COMPLAINT**
**Yang, et al. v. Shanghai Gourmet, LLC., dba Shanghai Gourmet, et al.**

8.    For costs of suit herein.

9.    For such other and further relief as the Court may deem appropriate.


Dated:  August 1, 2008

By:   /s/ Adam Wang         .
Attorney for Plaintiffs