Arthur J. Liu (State Bar No. 196874)
INTER-PACIFIC LAW GROUP, INC.
1904 Franklin Street, Suite
Oakland, CA 94612
Tel.: (510) 986-1198
Fax: (510) 986-0889

John Gregory Downing (State Bar No. 157717)
DOWNING LAW FIRM
109 Geary Street, 4th Floor
San Francisco, CA 94108
Tel: (415) 986-3644
Fax: (415) 449-6047

Attorneys for Defendant
SHANGHAI GOURMET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAO YI FANG, WEI WANG, and LIANG XIAN FU,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHANGHAI GOURMET, LLC,<br><br>　　　　Defendants. | Case No.: C07-04482 JL<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  9/3/08<br>Time:  9:30 a.m.<br>Dept:  16, Hon. James Larson |

**1.     Introduction**

On July 22, 2008, the Court denied the Motion for Leave to File the First Amended Complaint filed by Plaintiffs BAO YI YANG ("Yang"), WEI WANG ("Wang"), LIANG XIAN FU ("Fu") (collectively, "Plaintiffs"), to the extent it sought to add a claim pursuant to California Labor Code §2699. On August 1, 2008, a First Amended Complaint was filed in conformity with the Court's Order. On August 2, 2008, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint, which again includes a claim pursuant to Labor Code §2699. While the proposed Second Amended Complaint does not specifically seek damages on behalf of all current and former employees, nor is it limited to seeking to penalties related to Plaintiffs.

2.  **Relevant Facts**

As referenced in the Shen Declaration, filed July 11, 2008, in opposition to the Motion for Leave to File the First Amended Complaint:

* Defendant Shanghai Gourmet, LLC ("Defendant"), operated two (2) Chinese restaurants from 2000 to 2007. It now operates only one. (Shen Declaration in Opposition to Motion to Amend Complaint ("Decl", ¶2)

* It has thirty (30) former employees and twelve (12) current employees. The only three (3) employees to ever complain of any wage and hour problems are the Plaintiffs. (Decl, ¶3)

* Defendant denies any wrongdoing, Plaintiffs were paid more than the applicable hourly wage for all work performed and received additional benefits such as housing, meals, a break between lunch and dinner, and transportation to and from work. (Decl, ¶4)

* This litigation has already caused Defendant and its owners financial hardship, expanding the lawsuit to involve thirty-nine additional (39) employees and potential plaintiffs will cause even greater hardship on them. (Decl, ¶5)

3.  **PAGA**

Labor Code §2699(a), provides, in pertinent part, that any provision of the Labor Code that:

> .... that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

§2699.3 provides various administrative procedures required before Plaintiffs may seek relief on behalf of other current or former employees. Any penalties are paid "75% to the Labor and Workforce Development Agency ... and 25% to the aggrieved employees". §2699(I)

**Opposition to Motion for Leave to File Second Amended Complaint**
*Yang v. Shanghai Gourmet* **(Case No. C07-04482)**                                     Page 2

In its proposed First Amended Complaint, Plaintiffs specifically sought damages on behalf of all current and former employees. *See* Proposed First Amended Complaint, attached to Motion for Leave to File First Amended Complaint, filed 5/17/08.

In Count Seven of its proposed Second Amended Complaint, Plaintiffs continue to seek damages pursuant to California Labor Code §§558 and 2699 on behalf of "employees". It is not in anyway limited to Plaintiffs and given the language of Labor Code §2699, the only reasonable inference is that it seeks damages on behalf of current and former employees.

**4.     Leave to Amend Should be Denied**

While leave to amend is liberally granted, it remains the moving party's burden to give a reason why justice requires leave to amend. *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401,406-406. If the moving party meets that burden, then the opposing party may make a showing that leave to amend should not be granted because of prejudice to the opposing party, bad faith by the moving party, or futility of amendment. *Bowles v. Reade*, 198 F.3rd 752,758 (9th Cir. 1999) Prejudice can be established where the proposed new claims greatly change the nature of the litigation or the potential claims are futile. *Morongo Band of Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1990)("amending complaint to allege claims under RICO greatly changed the nature of the litigation and justified denial of leave to amend")

In the present case, Plaintiffs have submitted a proposed Second Amended Complaint which is in apparent violation of the Court's July 22nd Order. Moreover, they have again failed to establish why this amendment is being sought now.

**5.     Conclusion**

For the reasons stated above, Defendant requests that Plaintiffs be denied leave to amend, at least with respect to Count 7, the PAGA Claim.

| | |
|---|---|
| Dated: August 22, 2008 | INTER-PACIFIC LAW GROUP INC. & DOWNING LAW FIRM |
| | By: _____ /s/_____ |
| | ARTHUR J. LIU, Attorneys for Defendant SHANGHAI GOURMET, LLC |