ADAM WANG. Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs
BAO YI YANG, WEI WANG & LIANG-XIAN FU

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTHERN CALIFORNIA

| BAO YI YANG, ET AL, | Case No.: C07-04482 JL |
|---|---|
| Plaintiffs, | PLAINTIFFS' CASE MANAGEMENT STATEMENT |
| vs. | |
| SHANGHAI GOURMET, LLC ET AL | |
| Defendants | |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.

Because Defendants counsel refused to accept service on behalf of new individual Defendants Xu Liang Shen and tBo Juan Liu, these two defendants remain to be served. Plaintiffs anticipate that these defendants will be served over the course of the week of September 1, 2008.

There are no existing issues regarding personal jurisdition or venue.

**2.    FACTS**

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
**Yang v. Shanghai Gourmet, et al.**

Plaintiffs Bao Yi Yang, Wei Wang and Liang-Xian Fu were employed by Shanghai Gourmet as restaurant workers during the four year period prior to the filing of his Complaint. In this action, Plaintiffs seek overtime and other wage and hour claims against Defendants under the authority of both federal and California laws.

The principal factual issues in dispute are:

1. Whether Plaintiffs have been paid less than minimum wage;

2. Whether Plaintiffs are owed any overtime wages.

Defendants deny that Plaintiffs are owed any back wages.

**3. LEGAL ISSUES**

Plaintiffs assert that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiffs further allege that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiffs further allege that Defendants failed to pay Plaintiffs their wages upon termination in violation of California Labor Code § 201. Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200.

**4. MOTIONS**

The parties anticipate the filing of the following motions:

(a) Defendants' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(b) Plaintiffs' Motion for Summary Adjudication

(c) Plaintiffs' Motion for Attorney's Fees.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs' Motion for Leave to File Second Amended Complaint is pending. Plaintiffs do not anticipate any further amendments.

**6.   EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence, but it is not clear if Defendants have taken steps to do so because the business has been sold.

**7.   DISCLOSURES**

Plaintiffs have provided their initial disclosures.

**8.   DISCOVERY**

Defendants have taken depositions of Plaintiffs Wei and Bao Yi Yang. Only two depositions remain to be taken among parties—Plaintiff Liang-Xian Fu and Defendant Xu-Liang Shen. Mr. Shen's deposition is noticed for September 17, 2008. Plaintiffs offer Defendants to take Mr. Fu's deposition on October 2, 2008.

**9.   CLASS ACTIONS**

N/A

**10.   RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.   RELIEF**

Plaintiffs see monetary damages.

**12.   SETTLEMENT AND ADR**

ADR is compete.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties consent to the assignment of this to a magistrate judge for all further proceedings.

**14.   OTHER REFERENCES**

Plaintiffs do not believe that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.   NARROWING OF ISSUES**

Plaintiffs do not anticipate an agreement to narrow issues. .

**16.   EXPEDITED SCHEDULE**

Plaintiffs do not believe that this case can be put on an expedited schedule.

**17.   SCHEDULING**

Up to this date, Plaintiffs and propounded, and Defendants have produced written discoveries concerning liabilities and damages.  The discoveries remaining are depositions of Plaintiff Mr. Fu and Defendant Mr. Shen; and discoveries concerning piercing corporate veil and fraudulent conveyance with respect to cause of actions concerning individual liabilities.  If the Court grants Plaintiffs' motion for leave to file the Second Amended Complaint, Plaintiffs may proceed to trial quickly and request the following trial schedule:

(a)   Fact discovery cutoff on October 31, 2008;

(b)   Last day of hearing on dispositive motion on December 10, 2008;

(c)   Trial:  January 28, 2009

If the Court denies Plaintiffs' motion for leave to file a Second Amended Complaint, Plaintiffs request that Court schedule another case management conference, in that case Plaintiffs will need discoveries concerning Defendants financials addressing individual liabilities under theories of piercing veil and fraudulent conveyance.

**18.   TRIAL**

Parties have requested a jury trial.  Plaintiffs estimate length of trial is 7 court days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have no one to report other than parties themselves.

**20.   OTHER MATTERS**

None.

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
Yang v. Shanghai Gourmet, et al.

1 | Dated: August 28, 2008            By: /s/ Adam Wang
                                           ADAM WANG
2 |                                        Attorneys for Plaintiffs

3

4 | DATED: November 23, 2007          By: /s/Arthur Liu
                                           Arthur Liu
5 |                                        Attorneys for Defendants

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
Yang v. Shanghai Gourmet, et al.