# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BAO YI YANG, et al.,**<br><br>　　　　**Plaintiffs,**<br><br>vs.<br><br>**SHANGHAI GOURMET, LLC, et al.,**<br><br>　　　　**Defendants.** | Case No.: C-3:07-4482-NC (KAW)<br><br>ORDER RE: FURTHER SETTLEMENT CONFERENCE |

On June 20, 2012, the parties participated in a settlement conference before the undersigned, after which they were unable to resolve this matter. The inability of the parties to settle was largely due to Defendants' alleged financial hardship.

The Court orders Plaintiffs to submit a request for financial records to Defendants within ten (10) days of this order. Upon receipt, Defendants may either reject the request indicating a lack of interest in pursuing further settlement proceedings, or supply the requested documents to Plaintiffs within thirty (30) days of the date of the request. Should Defendants decide to respond to the request, the records should be delivered to Plaintiffs and should not be filed with the Court.

Plaintiffs shall notify the Court upon receipt of these documents, at which time a further settlement conference will be scheduled.

In determining whether to pursue further settlement negotiations, the parties should consider that the Ninth Circuit found that Plaintiffs worked more than forty (40) hours per week and were entitled to overtime pay under both the Fair Labor Standards Act and California law. Dkt.# 113 at 6. Specifically, the Ninth Circuit found that

> [t]he district court's finding that Wang and Yang worked eight hours a day, six days a week was clearly erroneous, because it was based on pay stub records that were obviously inaccurate. It is contradicted by the district court's findings about the daily schedule worked by the two employees, according to which Yang worked seven and a half hours a day and Wang worked between seven and a half and nine and a half hours a day. Accordingly, it is impossible to conclude that *both* Yang and Wang worked exactly eight hours per day, every day, as their pay stubs indicated.

Dkt.# 113 at 5. At the June 20 settlement conference, the parties made substantial progress in calculating Plaintiffs' overtime wages, and the Court remains confident that this matter can be resolved through the settlement process. This is especially so given Plaintiffs' willingness to take into consideration Defendants' financial condition.

If Defendants reject the request for records, or Plaintiffs are no longer interested in pursuing settlement, the case will proceed to trial with U.S. Magistrate Judge Nathanael M. Cousins.

IT IS SO ORDERED.

DATE: June 26, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge