UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BAO YI YANG; WEI WANG; and LIANG XIAN FU,<br><br>Plaintiffs,<br><br>v.<br><br>SHANGHAI GOURMET, LLC, dba SHANGHAI GOURMET; XU LIANG SHEN; and BO JUAN LIU,<br><br>Defendants. | Case No. 07-cv-04482 NC<br><br>**SECOND ORDER TO REMEDY DEFICIENCY** |

In the conclusion of its order after the second bench trial, the Court directed further briefing on seven topics needed to enter a final judgment: (1) the calculation of damages to be awarded to each plaintiff under the FLSA and California law, including the proper time periods for the award; (2) the amount of prejudgment interest to be assessed; (3) whether and how much restitution is proper under California Business and Professions Code § 17203; (4) the amount of waiting time penalties to be assessed; (5) the amount of liquidated damages to be assessed; (6) the amount of the reasonable attorneys' fees to be awarded; and (7) whether the judgment should be against all defendants jointly and severally, against Shanghai Gourmet LLC only, or otherwise. Dkt. No. 156 at 19.

Plaintiffs initially did not respond to the order for further briefing, then requested an

extension of time, and finally responded with an incomplete response. Dkt. Nos. 157, 158, and 160. Plaintiffs' supplemental trial brief is silent as to issues three (restitution) and seven (which defendants are liable for the judgment and whether further proceedings are appropriate as to piercing the corporate veil). As to issue two (prejudgment interest), plaintiffs request that their response be postponed until ten days after the Court awards damages. As to issue six (attorneys' fees), plaintiffs request that their response be postponed until fourteen days after the Court enters judgment. Concerning the requests to change the briefing schedule, plaintiffs' counsel provides no information that he conferred with defendants' counsel or explanation as to why he waited until July 22 to make this request.

Because defaults are disfavored, the Court alerts plaintiffs to the deficiencies on issues three and seven. Plaintiffs may supplement their post-trial brief by August 11. In the alternative, the Court interprets plaintiffs' silence as a waiver of their potential remedies to restitution and piercing the corporate veil. As to issues two and six, the requests to modify the briefing schedule are denied for lack of good cause. Plaintiffs must by August 11 either: (1) file a supplemental trial brief and supporting declarations; or (2) file a stipulation requesting a modified briefing schedule. The Court will consider a further non-response as a waiver of attorneys' fees and prejudgment interest.

The deadline for defendants' responsive post-trial brief is continued to August 25. Plaintiffs' reply is due seven days after defendants' brief.

IT IS SO ORDERED.

Date: August 4, 2014

Nathanael M. Cousins
United States Magistrate Judge